IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**WILLIAM B. ACHEFF,**

    **Plaintiff,**

**v.**        Civ. No. 12-100 JCH/RHS

**PETER B. LAZARE, as Trustee
of the EDELMAN TRUST, et al.,**

    **Defendants.**

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on the *Opposed Motion to Dismiss by Third Party Defendant Jon Edelman* [Doc. 18]. For the reasons stated below, the Court will deny the motion.

## BACKGROUND

Plaintiff alleges that the Edelman Trust signed and delivered to Plaintiff a promissory note evidencing a debt and a mortgage on real property securing the debt. *See* Doc. 1. Alleging that the Edelman Trust has defaulted, Plaintiff filed a complaint for money due on the promissory note and to foreclose the mortgage. Plaintiff also named the United States as a defendant alleging that the Internal Revenue Service may claim an interest in the property by virtue of notices of federal tax liens filed against Jon Edelman and federal tax liens filed against the Edelman Trust as nominee/alter-ego of Jon Edelman.

The United States filed its *Answer, Counterclaim, Cross-Claim, and Third-Party Complaint* seeking, among other things, to foreclose federal tax liens against the subject property. *See* Doc. 9 at 25. The *Third-Party Complaint* names Jon Edelman a third-party defendant alleging that Edelman may claim an interest in the subject property against which the United States seek to foreclose it tax liens. *See* Doc. 9 at 11.

Jon Edelman, *pro se*, filed his *Opposed Motion to Dismiss by Third Party Defendant Jon Edelman* [Doc. 18] which is now before the Court. Edelman argues that the Court does not have subject matter or personal jurisdiction. Edelman also argues that the action is moot because there is no controversy.

## **DISCUSSION**

The United States filed its third-party complaint against Edelman stating that the Court has jurisdiction under 28 U.S.C. §§ 1340[1] and 1345[2] and 26 U.S.C. §§ 7402[3] and 7403.[4] *See* Doc. 9 at

---

[1] 28 U.S.C. § 1340. Internal revenue; customs duties

The district courts shall have original jurisdiction of any civil action arising under any Act of Congress providing for internal revenue, or revenue from imports or tonnage except matters within the jurisdiction of the Court of International Trade.

[2] 28 § 1345. United States as plaintiff

Except as otherwise provided by Act of Congress, the district courts shall have original jurisdiction of all civil actions, suits or proceedings commenced by the United States, or by any agency or officer thereof expressly authorized to sue by Act of Congress.

[3] 26 U.S.C. § 7402. Jurisdiction of district courts [under the Internal Revenue Code]

(a) To issue orders, processes, and judgments.--The district courts of the United States at the instance of the United States shall have such jurisdiction to make and issue in civil actions, writs and orders of injunction, and of ne exeat republica, orders appointing receivers, and such other orders and processes, and to render such judgments and decrees as may be necessary or appropriate for the enforcement of the internal revenue laws. The remedies hereby provided are in addition to and not exclusive of any and all other remedies of the United States in such courts or otherwise to enforce such laws.

(b) To enforce summons.--If any person is summoned under the internal revenue laws to appear, to testify, or to produce books, papers, or other data, the district court of the United States for the district in which such person resides or may be found shall have jurisdiction by appropriate process to compel such attendance, testimony, or production of books, papers, or other data.

(c) For damages to United States officers or employees.--Any officer or employee of the United States acting under authority of this title, or any person acting under or by authority of any such officer or employee, receiving any injury to his person or property in the discharge of his duty shall

10. Section 7402(a) provides that the United States district courts shall have jurisdiction to enter orders and render judgments "as may be necessary or appropriate for the enforcement of the internal

---

be entitled to maintain an action for damages therefor, in the district court of the United States, in the district wherein the party doing the injury may reside or shall be found.

[(d) Repealed. Pub.L. 92-310, Title II, § 230(d), June 6, 1972, 86 Stat. 209]

(e) To quiet title.--The United States district courts shall have jurisdiction of any action brought by the United States to quiet title to property if the title claimed by the United States to such property was derived from enforcement of a lien under this title.

(f) General jurisdiction.--

For general jurisdiction of the district courts of the United States in civil actions involving internal revenue, see section 1340 of title 28 of the United States Code.

[4]26 U.S.C. § 7403. Action to enforce lien or to subject property to payment of tax

(a) Filing.--In any case where there has been a refusal or neglect to pay any tax, or to discharge any liability in respect thereof, whether or not levy has been made, the Attorney General or his delegate, at the request of the Secretary, may direct a civil action to be filed in a district court of the United States to enforce the lien of the United States under this title with respect to such tax or liability or to subject any property, of whatever nature, of the delinquent, or in which he has any right, title, or interest, to the payment of such tax or liability. For purposes of the preceding sentence, any acceleration of payment under section 6166(g) shall be treated as a neglect to pay tax.

(b) Parties.--All persons having liens upon or claiming any interest in the property involved in such action shall be made parties thereto.

(c) Adjudication and decree.--The court shall, after the parties have been duly notified of the action, proceed to adjudicate all matters involved therein and finally determine the merits of all claims to and liens upon the property, and, in all cases where a claim or interest of the United States therein is established, may decree a sale of such property, by the proper officer of the court, and a distribution of the proceeds of such sale according to the findings of the court in respect to the interests of the parties and of the United States. If the property is sold to satisfy a first lien held by the United States, the United States may bid at the sale such sum, not exceeding the amount of such lien with expenses of sale, as the Secretary directs.

(d) Receivership.--In any such proceeding, at the instance of the United States, the court may appoint a receiver to enforce the lien, or, upon certification by the Secretary during the pendency of such proceedings that it is in the public interest, may appoint a receiver with all the powers of a receiver in equity.

revenue laws." Section 7403(b) provides that in actions to enforce liens or to subject property to payment of tax, "All persons having liens upon or claiming any interest in the property involved in such action shall be made parties thereto."

The United States' allegation that Edelman may claim an interest in the property against which the United States seek to foreclose it tax liens is based on allegations that the Edelman Trust is the nominee of Jon Edelman, that the Edelman Trust is a sham, and that the property held by the Edelman Trust should be treated as the property of Jon Edelman for purposes of tax collection. *See* Doc. 9 at 11-13, 24. The United States seeks to have the transfer of the property to the Edelman Trust set aside as fraudulent, a judgment foreclosing the liens with regard to the interests of Jon Edelman in the subject property, and an order for the sale of the property to partially satisfy the federal income taxes of Jon Edelman. *See id.* at 24-25.

Edelman argues that the Court does not have subject matter or personal jurisdiction over the action against him because he has not claimed any interest in the subject property and, therefore, does not fall within the group of persons that must be made parties to this case pursuant to Section 7403(b). Edelman attached his affidavit to his motion in which he states "I have no interest in said real property of any kind whatsoever and, in any event hereby disclaim and waive, for all purposes, any and all such interest in said real property, including any past, present or future interest." Doc. 18 at 11. Edelman's disclaimer does not deprive the Court of subject matter jurisdiction.

"Where the complaint ... is so drawn as to seek recovery directly under the Constitution or the laws of the United States, the federal court, but for two possible exceptions ... must entertain the suit." *Davoll v. Webb*, 194 F.3d 1116, 1129 (10th Cir. 1999) (*quoting Bell v. Hood*, 327 U.S. 678, 681-82 (1946)). The two exceptions come into play "where the alleged claim under the Constitution or federal statues clearly appears to be immaterial and made solely for the purpose of obtaining

jurisdiction or where such a claim is wholly insubstantial and frivolous." *Id.* "If the applicability of the federal statute upon which a plaintiff relies is genuinely at issue, the federal courts possess jurisdiction and should reach the merits of the claim." *Id.*

The United States seeks to foreclose tax liens against the subject property and in its *Third-Party Complaint* cites two statutes regarding judicial proceedings in actions by the United States for the collection or recovery of taxes, fines and penalties. One statute, 26 U.S.C. § 7402, describes the jurisdiction of district courts in such actions. The other, 26 U.S.C. § 7403(b), states that in actions to enforce liens or to subject property to payment of tax, all persons claiming any interest in the property involved in such actions shall be made parties. The United States has alleged that there are tax liens against Edelman, that those liens attach to the subject property, and that Edelman may claim an interest in the subject property. Edelman does not argue, and it does not appear to the Court, that the United States' claims are immaterial, made solely for the purpose of obtaining jurisdiction, or are insubstantial or frivolous.

Furthermore, the Supreme Court of the United States has "evince[d] a marked desire to curtail ... 'drive-by jurisdictional rulings,' which too easily can miss the 'critical difference[s]' between true jurisdictional conditions and nonjurisdictional limitations on causes of action." *Reed Elsevier, Inc. v. Muchnick*, 130 S.Ct. 1237, 1244 (2010). The Court will apply the "bright line rule" that a statutory provision that establishes a threshold for relief should not be treated as jurisdictional unless Congress has clearly stated that it is. *See Arbaugh v. Y & H Corp.,* 546 U.S. 500, 515-16 (2006).

The Court concludes that Section 7403(b) is not jurisdictional because it does not speak in jurisdictional terms or refer in any way to the jurisdiction of the district courts. The statute describing this Court's jurisdiction under the Internal Revenue Code, 26 U.S.C. § 7402, does not

does not exclude claims against persons disclaiming an interest in the subject property from the Court's subject matter jurisdiction. The Court concludes that it has subject matter jurisdiction over the United States' claims against Edelman.

Edelman contends that there is no controversy between him and the United States because he has disclaimed any interest in the subject property and asks the Court to dismiss the United States' claim against him as moot.[5] *See* Doc. 18 at 5. "The existence of a live case or controversy is a constitutional prerequisite to federal court jurisdiction." *McClendon v. City of Albuquerque*, 100 F.3d 863, 867 (10th Cir.1996). "Once such controversy ceases to exist, the action is moot and this court lacks jurisdiction to adjudicate the matter." *United States v. Seminole Nation of Oklahoma*, 321 F.3d 939, 943 (10th Cir. 2002). "The core question in mootness inquiry is whether granting a present determination of the issues offered will have some effect in the real world." *Copar Pumice Co., Inc. v. Tidwell*, 603 F.3d 780, 792 (10th Cir. 2010). When it becomes impossible for a court to grant effective relief, a live controversy ceases to exist, and the case becomes moot. *United States v. Hahn*, 359 F.3d 1315, 1323 (10th Cir.2004) (en banc). "Demonstrating mootness is a 'heavy' burden, and that burden 'lies with the party asserting mootness.'" *Id.*

Edelman argues that his "disclaimer ends any controversy that may have existed at the time the complaint was filed." Doc. 18 at 5. Edelman has not persuaded the Court that his disclaimer renders the United States' claim against him moot. The relief requested by the United States includes a determination that Edelman is the true owner of the subject property, a determination that the tax liens attach to the subject property, foreclosure of the liens, an order for the sale of the subject property, and a distribution of the proceeds of the sale according to the findings of the Court

---

[5]The United States' *Response* does not address Edelman's mootness argument.

in respect to the interests of the parties and of the United States. *See* Doc. 9 at 26-27. Edelman's disclaimer of interest in the subject property does not make it impossible for the Court to grant effective relief to the United States.

Edelman also asks the Court to dismiss him from the case for lack of personal jurisdiction.[6] His one sentence argument states: "the stipulation removes [Edelman] as a party defined by U.S.C. Section 7403(b) thus also depriving this court of ongoing personal jurisdiction of . . . Edelman." Doc. 18 at 5. Edelman misconstrues Section 7403(b) as limiting parties in this case to those persons that have liens or any interest in the property involved in such action. Section 7403(b) does not define an exclusive list of parties allowed in such actions; it merely identifies certain persons that must be made parties. Consequently, Edelman has not shown that the Court lacks personal jurisdiction over Edelman.[7]

Finally, Edelman argues that he should not be a party because this is a quasi in rem proceeding. *See* Doc. 21. Edelman raises his quasi in rem argument for the first time in his *Reply*. The Court will not address Edelman's quasi in rem argument because: (1) allowing a movant to raise new arguments in a reply would be manifestly unfair to the nonmovant who has no opportunity for a written response, and (2) without a response from the nonmovant, the court would run the risk of an improvident or ill-advised opinion, given the court's dependence on the adversarial process for sharpening the issues for decision. *See Headrick v. Rockwell Int'l Corp.*, 24 F.3d 1272, 1277-78

---

[6]The United States' *Response* does not discuss whether the Court has personal jurisdiction over Edelman.

[7]Edelman presents no other arguments regarding personal jurisdiction and the Court will not search for or make other arguments for him. Because Edelman is appearing *pro se*, the Court has construed his pleadings and papers liberally, but the Court's role is not to act as his advocate. *See Gallagher v. Shelton*, 587 F.3d 1063, 1067 (10th Cir. 2009).

(10th Cir. 1994)

**IT IS THEREFORE ORDERED** that the *Opposed Motion to Dismiss by Third Party Defendant Jon Edelman* [Doc. 18] is **DENIED.**

_____
UNITED STATES DISTRICT JUDGE