IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

WILLIAM B. ACHEFF,

       Plaintiff,

v.                                                                 No. 12-CV-100 JCH/RHS

PETER B. LAZARE, as Trustee
Of the EDELMAN TRUST, et al.,

       Defendants.

**<u>MEMORANDUM ORDER AND OPINION</u>**

THIS MATTER comes before the Court on *Plaintiff William B. Acheff's Amended Motion(s) for Summary Judgment* (Doc. 28) ("Motion") and *Cross-Motion of United States for Summary Judgment* (Doc. 32) ("Cross-Motion"). Having reviewed the pleadings and the governing authority, and being otherwise fully informed, the Court finds that the Motion is well-taken and will be granted and that the Cross-Motion is not well-taken and will be denied.

**I.**      **<u>Factual and Procedural Background</u>**

Pursuant to the terms of a promissory note dated June 30, 1998, Plaintiff loaned the Edelman Trust $1,000,000.00, which was secured by a mortgage on real property located in Taos County, New Mexico ("subject property"). Plaintiff recorded his mortgage on the real property in the records for Taos County on August 3, 1998. The Edelman Trust defaulted under the terms of the 1998 note, and on January 3, 2012, Plaintiff filed a complaint for money due on the promissory note and to foreclose the mortgage with the Eighth Judicial Court, Taos County, New

Mexico.  Because of federal tax and judgment liens filed against Jon Edelman and the Edelman Trust as nominee/alter-ego of Jon Edelman, Plaintiff also named the United States as a defendant.  Plaintiff contends that his mortgage lien against the subject property is superior to the United States' liens against the property because the earliest lien by the United States was filed in the records of Taos County on June 17, 2004, nearly five years after he recorded his mortgage against the subject property.  Doc. 28 at 2.

The United States, via the Internal Revenue Service ("IRS") removed the action from the state court to this Court and filed its Answer, Counterclaim, Cross-Claim, and Third-Party Complaint seeking, among other things, to foreclose the federal tax and judgment liens against the subject property.  Doc. 9 at 25.  The Third-Party Complaint names Jon Edelman as a third-party defendant alleging that Edelman may claim an interest in the subject property against which the IRS seeks to foreclose it tax liens.  *Id*. at 11.

Plaintiff filed his Motion, seeking summary judgment on his claims against the Edelman Trust, "including the foreclosure of his mortgage and judicial sale of the subject property, without any delay that might result from the adjudication of the United States' claims concerning Jon Edelman's alleged interest in that property."  Doc. 28 at 3.  The United States then filed its Cross-Motion, requesting, in part, that the Court:  (1) determine that the Edelman Trust holds title to the New Mexico property as the nominee or alter ego or transferee of Jon Edelman; (2) foreclose its judgment and federal tax liens against Jon Edelman and against the Edelman Trust as a nominee/alter-ego/transferee of Jon Edelman with regard to the subject property; and (3) order a sale of the property to partially satisfy Jon Edelman's income tax liabilities.  Doc. 32 at 25-26.

II.     __Undisputed Facts__

On or about July 30, 1998, the Edelman Trust executed and delivered a promissory note to Plaintiff evidencing a debt in the amount of $1,000,000.00.  Under the terms of the Original Note, semi-annual interest payments were to be made by the Edelman Trust beginning March 1, 1999, and the principal balance (plus any accrued unpaid interest) was to be repaid in full by the Edelman Trust on September 30, 2003.  Doc. 1, Ex. A (Compl.) at ¶ 8; Doc. 10 (Edelman Trust's Answer) at ¶ 1; Doc. 28, Ex. 1 (Affidavit of William B. Acheff) at ¶ 5.  To secure payment of the Original Note, the Edelman Trust executed and delivered a Mortgage on the subject property to Plaintiff.  Plaintiff recorded the Mortgage on August 3, 1998, in Book J-206, Pages 379-387, of the records of Taos County, New Mexico. Doc. 1, Ex. A at ¶ 9; Doc. 10 at ¶ 1; Doc. 28, Ex. 1 at ¶ 6.  Plaintiff and the Edelman Trust then entered into fourteen separate agreements extending the maturity date of the Note and term of the Mortgage, each of which was recorded in the Taos County records.  Doc. 28 at ¶¶ 4-17.

On or about March 15, 2011, the Edelman Trust and Plaintiff entered into a Fourteenth Modification Agreement (the "Fourteenth Loan Modification"), which extended the maturity date of the Original Note to March 15, 2012. Doc. 1 at ¶ 23; Doc. 9 at ¶ 1; and Ex. 1 at ¶ 7.  The Fourteenth Loan Modification was recorded on April 8, 2011, in Book 745, Pages 282-285, of the records of Taos County, New Mexico.  *Id*.  Pursuant to the terms of the Fourteenth Loan Modification, the Edelman Trust was obligated to pay Plaintiff monthly interest payments of Seven Thousand Dollars and no Cents ($7,000.00) between April 15, 2011 and March 15, 2012, and a balloon payment thereafter of all outstanding principal and interest, plus attorney's fees and expenses in the amount of $22,897.50.  *Id*.

The Edelman Trust is in default of the terms of the Original Note, as modified by the Fourteenth Loan Modification.  *Id.*  The entire unpaid balance owed under the Original Note, both principal and accrued interest, plus additional amounts owed under the Fourteenth Loan Modification, including attorney's fees and expenses in the amount of $22,897.50, incurred by Plaintiff in connection with the modifications of the Original Note, are now due and payable. Doc. 1 at ¶ 23; Doc. 10 at ¶ 4; and Ex. 1 at ¶ 8.  According to the terms of the Mortgage, the Mortgage shall be foreclosed and the subject property sold, with proceeds of sale to be applied to the cost of foreclosure, including attorney's fees, costs of evidence of title, and payment of all amounts due under the Original Note, as modified, including principal and accrued interest, plus attorney's fees and expenses incurred by Plaintiff in connection with the modifications of the Original Note.  Doc. 1 at ¶ 28; Doc. 10 at ¶ 4.

The United States recorded its tax and judgment liens against the Subject Property, in the records of Taos County, New Mexico, after Plaintiff recorded his Mortgage.  Doc. 1 at ¶ 24; Doc. 10 at ¶ 2, and Doc. 9 (the United States' Answer, Counterclaim, Cross-Claim, and Third-Party Complaint) at ¶¶ 12-18.  The IRS's first Notice of Federal Tax Lien against Jon Edelman in the real property records of Taos County, New Mexico, was filed on August 27, 2004.  Doc. 9 at ¶ 12. Plaintiff's lien against the subject property is prior and paramount to the United States' liens. Doc. 1 at ¶ 34, Doc. 10 at ¶ 9, and Doc. 9 at ¶ 34.  The Mortgage provides for a one-month right of redemption, but the United States has a right of redemption of not less than 120 days.  Doc. 1 at ¶ 39; Doc. 10 at ¶ 9, and Doc. 9 at ¶ 34.

### III.   Legal Standards

#### A.   Summary Judgment

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED.R.CIV.P. 56(a).  A "genuine" dispute exists where the evidence is such that a reasonable jury could resolve the issue either way.  *See Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998)(citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248).  The court must consider all the evidence in the light most favorable to the party opposing summary judgment. *See Trask v. Franco*, 446 F.3d 1036, 1043 (10th Cir. 2006).  The movant has the initial burden of showing that there is no genuine dispute of material fact.  *Anderson,* 477 U.S. 242 at 247.  Once the moving party has met its burden, the nonmoving party must do more than merely show that there is some doubt as to the material facts.  *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp*., 475 U.S. 574, 586 (1986).  The nonmoving party may not rest on mere allegations or denials in the pleadings, but must set forth specific facts showing a genuine issue for trial.  *Anderson,* 477 U.S. at 248.  Although the Court views the evidence and draws all inferences in the light most favorable to the party opposing summary judgment, that party still "must identify sufficient evidence which would require submission of the case to a jury." *Mares v. ConAgra Poultry Co*., 971 F.2d 492, 494 (10th Cir. 1992).  Unsupported allegations, conclusory in nature, are insufficient to defeat a proper motion for summary judgment.  *Anderson,* 477 U.S. 242 at 248.

#### B.   Federal Tax Liens

If a person fails or refuses to pay a federal tax owed after proper demand is made, the IRS may place a lien in favor of the United States upon a person's property and rights to property, real or personal, owned on the assessment date or acquired thereafter.  *See* 26 U.S.C. § 6321; *U. S. v.*

*Nat'l Bank of Commerce*, 472 U.S. 713, 719 (1985).  Because "Congress meant to reach every interest in property that a taxpayer might have," such interest also includes property held by a third party if it is determined that the third party is holding the property as a nominee of the delinquent taxpayer."  *Holman v. U. S.*, 505 F.3d 1060, 1065 (10th Cir. 2007) (citations omitted); *see also 911 Management, LLC v. U.S.*, 657 F.Supp.2d 1186, 1191 (D. Oregon 2009)(the United States may levy upon a property held by a third party when a third party trust or entity is the alter-ego or nominee of a taxpayer, when a trust or entity is a sham, or when the third party's interest in the property derives from a fraudulent transfer by the taxpayer whose liabilities are at issue).

III.   **Analysis**

A.   **The United States has not Demonstrated that Jon Edelman has an Interest in the Subject Property Under State Law**

The United States asserts that Jon Edelman is the true owner of, or holds an equitable interest in, the subject property.  Doc. 32 at 21.  The United States further contends that it is entitled to equity in the subject property, over and above Plaintiff's first mortgage lien, because the Edelman Trust is the alter-ego or nominee of Jon Edelman.  Doc. 58 at 3.  The United States alternatively asserts that the Edelman Trust is a sham or self-settled trust that is subject to Jon Edelman's tax liabilities.  Doc. 32 at 23-24.  In support of this assertion, the United States states that the Edelman Trust is self-settled because Jon Edelman contributed at least $900,000.00 of his own money from the Delos Trust (a trust that Jon Edelman settled under the laws of the Principality of Liechtenstein) to purchase the subject property in 1998.  Doc. 58 at 6.  The United States seeks to foreclose its judgment and federal tax liens against Jon Edelman and against the Edelman Trust with regard to the subject property.  Doc. 32 at 25-26.[1]

[1] Contrary to Jon Edelman's assertions, the United States received leave of the Court to attach more than 50 pages of exhibits to its Cross-Motion.  *See* Order (Doc. 44).

6

To determine whether a particular asset falls within reach of a federal lien, a court must ascertain:  (1) what rights under state law, if any, a delinquent taxpayer has in an asset the IRS seeks to attach, and (2) whether those "state-delineated rights qualify as 'property' or 'rights to property' within the compass of federal tax lien legislation." *In re Krause*, 637 F.3d 1160, 1163 (10th Cir. 2011) (quoting *Drye v. U. S.*, 528 U.S. at 58).  In other words, state law creates the legal interests and rights and federal law designates which of those rights can be taxed. *Id*.; *see also Spotts v. U. S.*, 429 F.3d 248, 251 (6th Cir. 2005) (because "[a] federal tax lien does not arise or attach to property in which a person has no interest under state law," we must first address the pertinent questions of state property law "before determining what, if any, federal consequences attach."); *U. S. v. Murray*, 217 F.3d 59, 65-66 (1st Cir. 2000) (analyzing whether trust was a sham or self-settled under Massachusetts law to determine IRS's rights under a federal tax lien).

In *Spotts*, the Sixth Circuit reversed a grant of summary judgment to the United States because the district court had not looked to the underlying state law to determine whether the delinquent taxpayer had any property interest in the house.  429 F.3d at 252.  The court remanded the case "'for the district court to consider, with appropriate deference to Kentucky law, whether [the delinquent taxpayer] has any property interest in the home, and if so, to what extent, the lien attaches.'"  *Holman v. U. S.*, 505 F.3d at 1067 (quoting *Spotts,* 429 F.3d at 254).  In *Holman*, the Tenth Circuit also remanded a case to the district court to resolve the question of whether the delinquent taxpayer had an interest in property under Utah law before determining whether the IRS's nominee lien should be enforced as a matter of state law.  *Id*.  The Tenth Circuit stated that "[o]n remand, the IRS should identify the theory or theories under which it asserts that [the delinquent taxpayer] has a beneficial interest in the Centerville property under Utah law."  *Id*.

7

Only if the IRS demonstrated a property interest under state law, could "the district court then determine as a matter of law, whether the nominee lien should be enforced, in light of the factors set forth in federal case law."[2]  *Id.*

The United States  has not identified the state-law theory or theories under which it asserts that Jon Edelman has a beneficial interest in the subject property, or that the Edelman Trust is self-settled or a sham.  Instead, the United States relies entirely on federal nominee law.  The Edelman Trust asserts that New York state law governs because the trust was properly established under New York law by Mildred Ash for the benefit of her son, Jon Edelman and his children. Doc. 47 at 8 and Doc. 47-1 (the Edelman Trust Agreement).  The United States replies that no valid trust was created because Plaintiff has not presented evidence of a clearly identifiable *res* and delivery of *res* by the grantor.  Doc. 58 at 7 (citing to the absence of Schedule A to the Edelman Trust which purportedly describes the property transferred to the trustee).  However, the United States fails to identify the state law governing its claims.

Before this Court can determine, as a matter of law, that the IRS may enforce its tax lien, the United States must first establish that Jon Edelman has a beneficial or equitable interest in the subject property or that it is lawfully subject to attachment under the applicable state law.  *See Holman v. U. S.*, 505 F.3d at 1066; *see also In re Krause*, 637 F.3d 1160 at 1164-1165 (even though Kansas did not have a reverse veil piercing doctrine for purposes of determining whether certain entities were alter-egos of debtor, Kansas law did recognize a fraudulent conveyance

---

[2] Under a federal nominee theory, the Court looks at: "(1) whether inadequate or no consideration was paid by the nominee; (2) whether the property was placed in the nominee's name in the anticipation of a lawsuit or other liability while the transferor remains in control of the property; (3) whether there is a close relationship between the nominee and the transferor; (4) whether they failed to record the conveyance; (5) whether the transferor retained possession; and (6) whether the transferor continues to enjoy the benefits of the transferred property."  *Holman v. U. S.*, 505 F.3d at 1067 (quoting *Spotts v. U.S*, 429 F.3d 248 at 253 n.2.

doctrine, and court found that trusts held debtor's assets as his nominee under that doctrine so that such assets were lawfully subject to attachment).

Because the United States has not addressed the pertinent questions of state property law in its Cross-Motion, the Court cannot determine what, if any, state-delineated rights Jon Edelman has to the subject property, and whether such rights fall within the compass of federal tax lien legislation. *See In re Krause*, 637 F.3d 1160, 1163. Accordingly, the Court cannot determine that the Edelman Trust is the nominee or alter ego or transferee of Jon Edelman and will deny the IRS's request to foreclose the judgment and tax liens with regard to the subject property at this time. The request can be reinstated at trial.

## B. The Edelman Trust Has Not Demonstrated that the United States' Claims are Time-Barred

The Edelman Trust contends that the United States' claims should be dismissed because "any conceivable statute of limitations has run," thus "cutting off any Government claim." Doc. 47 at 15. The Edelman Trust adds that in the eight years since the IRS first filed its lien against the subject property, the United States has not brought any judicial action against the Delos Trust and the "first claims against the Edelman Trust and Taos home were filed in this current action." *Id*. at 15-16. The United States responds that, under 26 U.S.C. § 6502(a), the statute of limitations for collection of tax assessments is ten years, and that it timely filed its complaint to reduce federal tax assessments against Jon Edelman to final judgment, which were entered by this Court in March 2010 and 2011. Doc. 58 at 9.

A lien imposed by section 26 U.S.C. § 6321 arises automatically at the time of tax assessment and remains in place until the liability is satisfied or until it becomes unenforceable by lapse of time. *See* 26 U.S.C. § 6322. In general, the statute of limitation on collection expires ten

years after the date of assessment, however, "if a timely proceeding in court for the collection of a tax is commenced, the period during which such tax may be collected by levy shall be extended and shall not expire until the liability for the tax is satisfied or becomes unenforceable." 26 U.S.C. § 6502(a); *U. S. v. Hoyt*, 524 F.Supp.2d 638, 640 (D. Md. 2007) (a timely suit against a taxpayer tolls the statute of limitations and an action may be brought after that period to foreclose a tax lien on property) (citations omitted).

The undisputed facts show that the IRS filed its first Notice of Federal Tax Lien against Jon Edelman in the real property records of Taos County, New Mexico, on August 27, 2004. Pursuant to 26 U.S.C. § 6502(a), the United States has 10 years to collect on the assessed tax. The United States then obtained judgments against Jon Edelman in March of 2010 and 2011 and timely seeks to foreclose on its lien.  To the extent that the Edelman Trust is attempting to assert that the United States' tax assessments predated the notice of its liens or were untimely, it does not provide support for such an assertion.  The Edelman Trust and Jon Edelman do contend that the statutes of limitations for transferee liability and fraudulent transfer claims have expired.  Doc. 37 at 4, Doc. 47 at 16.  However, the United States has not yet identified the theory or theories under which it asserts that Jon Edelman has a beneficial interest in the subject property under state law, and has not asserted a fraudulent transfer claim under federal law.

The Edelman Trust also relies on other statutes of limitations that are inapposite.  *See* 28 U.S.C. § 2415(h) ("the statute of limitations does not apply to any actions brought by the [IRS] or incidental to the collection of taxes imposed by the United States."); *U. S. v. Hart*, 2012 WL 1662446, *1-*3 (D. Idaho 2012) (state statute of limitations and statute of limitations under 28 U.S.C. § 3306 (Fair Debt Collection Procedure Act) did not bar government's action to foreclose because applicable limitation was ten-year federal statute of limitations governing tax assessment

collection actions under 26 U.S.C. § 6502(a); *U. S. v. Christiansen*, 751 F. Supp. 1532 (D. Utah 1990) (the United States is not bound by state statute of limitations unless Congress so provides). Accordingly, the Edelman Trust fails to establish that the United States' claims are time-barred, or that its claims should be stricken for equitable considerations.

C.      **The Court will Grant Plaintiff's Motion**

It is undisputed that the Edelman Trust has defaulted on the promissory note to Plaintiff. The United States "does not oppose the entry of summary judgment on [Plaintiff's] complaint for money due on [the] promissory note against the Edelman Trust." Doc. 29 at 2. The Edelman Trust has not filed a response to the Plaintiff's Motion, and is deemed to have consented to the granting of the Motion under D.N.M. LR-Cv 7.1(b). Moreover, the Edelman Trust does not dispute that it is in default. Accordingly, the Court will grant Plaintiff's Motion as to judgment on the promissory note.

Plaintiff also requests that the Court grant his summary judgment against the United States' counterclaim, order the foreclosure of his Mortgage, and grant a judicial sale of the subject property in accordance with New Mexico law. Doc. 28 at 15. The United States opposes these requests, asserting that Plaintiff's complaint against it should be dismissed for lack of subject matter jurisdiction because Plaintiff failed to cite 28 U.S.C. § 2410, the federal statutory basis for waiver of its immunity.[3] Doc. 29 at 2. Plaintiff responds that requiring it to file an Amended Complaint for the sole purpose of alleging that "[t]he United States has waived sovereign immunity from [his] claims in this matter pursuant to 28 U.S.C. § 2410" would be a "pointless exercise." Doc. 38 at 2. The Court agrees. The United States does not dispute that a statutory

---

[3] Under 28 U.S.C. § 2410, Congress has waived the government's sovereign immunity to a limited class of civil actions, solely with respect to property on which the United States has or claims a mortgage or other lien.

waiver of immunity exists under these circumstances.  The United States also fails to cite to any authority for its assertion that Plaintiff needed to specifically reference 28 U.S.C. § 2410 in the Complaint to establish subject matter jurisdiction.  The Court finds that Plaintiff has set forth sufficient facts to establish that the United States has statutorily waived sovereign immunity under these circumstances pursuant to 28 U.S.C. § 2410.  Further, as noted by Plaintiff, were the United States to successfully argue that it should be dismissed on sovereign immunity grounds, it would be deemed to have waived its claim(s) to any lien interests in the subject property.  Doc. 38 at 4 (citing *Hawaii v. Benchwick*, 249 F. Supp. 74 (D.C. Hawaii 1996) (in a proceeding brought under 28 U.S.C. § 2410, the United States, by successfully moving for its dismissal on grounds of sovereign immunity, has effectively indicated that it has or claims no lien contrary to the purview of the statute).  The Court thus declines to dismiss Plaintiff's Complaint against the United States.

The United States also does not oppose the sale of the subject property but requests that the Court order the property to be sold by either:  (1) an IRS Property and Appraisal Specialist under 28 U.S.C. 2001(a) or (2) a receiver under 26 U.S.C. § 7402(a) and § 7403(d) in order to obtain the highest sale price.  Doc. 29 at 9.  However, for the reasons stated *supra* at 6-9, the United States has not yet established its rights to foreclose on the subject property, much less dictate the manner of sale.

Moreover, the United States does not dispute that Plaintiff has priority over its liens against the subject property.  For purposes of determining priority between a federal tax lien and a competing lien, "absent a provision to the contrary, priority for purposes of federal law is governed by the common law principle 'first in time is first in right.'"  *U.S. v. McDermott*, 507 U.S. 447 (1993) (citations omitted).  Under 28 U.S.C. § 2410(c), where the United States is a junior lienholder, the United States shall have a right to redeem the property.  *U.S. v. Hancock*

12

*Mut. Life Ins. Co*., 364 U.S. 301, 305 (1960).  This "does away with the necessity for a delay of sale."  *Id*.  Under 28 U.S.C. § 2410(c), "[w]here a sale of real estate is made to satisfy a lien prior to that of the United States," the United States has a right to redeem the property subject to lien arising under the internal revenue laws within 120 days from the date of sale "or other period allowable for redemption under State law, whichever is longer."

The United States may exercise its right to redeem the subject property should it determine that the public sale yielded inadequate sale prices.  As Plaintiff notes, the United States fails to explain why its right to redeem would not adequately protect its interests.  For this reason, and because the priority of Plaintiff's lien is undisputed, the Court will grant Plaintiff's Motion as to foreclosure of the Mortgage and public sale of the subject property under New Mexico law.  The Court will not grant Plaintiff's Motion to the extent that he seeks dismissal of the United States' counterclaims separate from his request that the Court adjudicate the priority of his Mortgage against the subject property.  Lastly, the Court will grant the United States' uncontested request that any excess funds from the sale of the subject property be deposited with the Court until it can make a determination of the United States' interest in those funds.

**IV.    Conclusion**

Because the United States has not demonstrated that Jon Edelman has an interest in the subject property under state law, the Court cannot determine that the Edelman Trust is the nominee or alter ego or transferee of Jon Edelman and will deny the United States' Cross-Motion.  Because it is undisputed that The Edelman Trust has defaulted on its promissory note to Plaintiff and that Plaintiff's lien in the subject property has first priority, the Court will grant Plaintiff's Motion as to judgment on the promissory note, foreclosure of the Mortgage, and public sale of the subject property under New Mexico law.  Finally, the Court will grant the United States'

uncontested request that any excess funds from the sale of the subject property be deposited with the Court until it can make a determination of the United States' interest in those funds.

WHEREFORE,

**IT IS ORDERED THAT:**

*Plaintiff William B. Acheff's Amended Motion(s) for Summary Judgment* (Doc. 28) is

**GRANTED**; and *Cross-Motion of United States for Summary Judgment* (Doc. 32) is **DENIED**.


_____
UNITED STATES DISTRICT JUDGE

.

14