IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

WILLIAM B. ACHEFF,

       Plaintiff,

v.                                                    No. 12-CV-100 JCH/RHS

PETER B. LAZARE, as Trustee
Of the EDELMAN TRUST, et al.,

       Defendants.

**MEMORANDUM ORDER AND OPINION**

THIS MATTER comes before the Court on the *Opposed Second Motion to Dismiss by the Third Party Defendant Edelman* (Doc. 63) ("Motion"). Having reviewed the pleadings and the governing authority, and being otherwise fully informed, the Court finds that the Motion is not well-taken and will be denied.

    **I.**    **Factual and Procedural Background**

Pursuant to the terms of a promissory note dated June 30, 1998, Plaintiff loaned the Edelman Trust $1,000,000.00, which was secured by a mortgage on real property located in Taos County, New Mexico ("subject property"). Plaintiff recorded his mortgage on the real property in the records for Taos County on August 3, 1998. The Edelman Trust defaulted under the terms of the 1998 note, and on January 3, 2012, Plaintiff filed a complaint for money due on the promissory note and to foreclose the mortgage with the Eighth Judicial Court, Taos County, New Mexico. Because of federal tax and judgment liens filed against Jon Edelman ("Edelman") and

the Edelman Trust as nominee/alter-ego of Edelman, Plaintiff also named the United States as a defendant.

The United States, via the Internal Revenue Service ("IRS") removed the action from the state court to this Court and filed its Answer, Counterclaim, Cross-Claim, and Third-Party Complaint seeking, among other things, to foreclose the federal tax and judgment liens against the subject property. Doc. 9 at 25. The Third-Party Complaint names Edelman as a third-party defendant and alleges that Edelman may claim an interest in the subject property against which the IRS seeks to foreclose it tax liens. *Id*. at 11.

Plaintiff filed a motion seeking summary judgment on his claims against the Edelman Trust, "including the foreclosure of his mortgage and judicial sale of the subject property, without any delay that might result from the adjudication of the IRS's claims concerning Edelman's alleged interest in that property." Doc. 28 at 3. The IRS then filed a cross-motion for summary judgment, requesting that the Court find the Edelman Trust to be a nominee or alter ego or transferee of Edelman with respect to the subject property, and foreclose its judgment and federal tax liens against Edelman and the Edelman Trust accordingly. Doc. 32 at 25-26. Edelman, *pro se*, subsequently filed the Motion presently before the Court, asserting that the IRS has raised new arguments in its cross-motion that were not available to him when he filed his first motion to dismiss. Doc. 63 at 2. Edelman also asserts that he has a settlement agreement with the IRS. *Id*. at 4-9.

**III.    Legal Standard**

**A.    Motion to Dismiss**

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft*

2

*v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1969 (2007)); *see also* Fed.R.Civ.P. 8 (a)(2). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. at 1949. Rather, "[t]he allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008); see also *Iqbal*, 129 S.Ct. at 1949 ("[t]he plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully")(citations omitted).

    **III.    <u>Analysis</u>**

    **A.    Edelman's Unenforced Settlement Agreement with the IRS Does Not Provide as a Basis for Dismissal**

Edelman appears to assert that he is entitled to dismissal of the United States' claims against him because he reached a settlement with the IRS. Doc. 63 at 9. The United States responds that Edelman's "IRS's settlement argument is barred by *res judicata* or collateral estoppel." Doc. 66 at 4. Specifically, the United States asserts that Edelman did not enter into a settlement with the IRS, that the Tax Court previously denied Edelman's motion to enforce his the purported settlement, and that this Court also rejected his attempt to use the settlement agreement as a defense to the Government's claims. *Id*. at 5.

Assuming, *arguendo*, that Edelman had a settlement agreement with the IRS, he never enforced it. In September of 1993, Edelman filed a motion with the Tax Court, seeking dismissal of the claims against him, or enforcement of the settlement with the IRS, in the alternative. *See United States v. Jon Edelman*, No. CIV 06-1216, WJ/RLP (September 15, 2009) (citing *Edelman v. Commission*, 103 T.C. 705, 710-711 (1994)). "On or about September

25, 1993, Jon Edelman escaped from prison and left the country." *Id*. Thus, in December of 1994, "the Tax Court entered an opinion granting the Commissioner's motions to dismiss Edelman's cases based on his status as a fugitive,[1] and denying his motions to dismiss or enforce settlement." Doc. 66 at 5 (citing Doc. 32-14, Ex. 22 (*Edelman v. Commission*, 103 T.C. 705, 710-711 (1994)). The Tax Court's dismissal of Edelman's motion to enforce settlement stands. Further, as this Court in *United States v. Jon Edelman* determined, Edelman did not enforce the terms of the settlement and his opportunity has passed. Edelman cannot now raise the settlement as a basis for dismissing the United States' claims against him. *See also Park Lake Res. Ltd. Liab. Co. v. USDA*, 378 F.3d 1132, 1136 (10th Cir. 2004) (collateral estoppel bars a party from relitigating an issue once the party has suffered an adverse determination on the issue, even if the issue arises when the party is pursuing or defending against a different claim). Accordingly, the Court will not grant Edelman's Motion on the basis of his unenforced settlement agreement.

### B.    Edelman's Other Arguments Do Not Provide a Basis for Dismissal

Edelman also asserts that the United States improperly asserted new arguments in its cross-motion implying that "his role as a party may have gone beyond that he may claim an interest in the property against which the United States seeks to foreclose its tax lien." Doc. 63 at 2. Edelman further asserts that the United States improperly speculated that because the trustee of the Edelman Trust "failed to offer evidence of a clearly identifiable *res*, it was not inconceivable that Edelman's assets were used to in initially fund the Edelman Trust." *Id*. at 3. Jon Edelman adds that such speculation is subject to Rule 11 sanctions because the United

---

[1] "The Court noted, however, that if within 30 days after its written opinion had been served, Edelman's fugitive status was terminated, and he filed motions with the Court to vacate these decisions, it would consider his cases on the merits of the other issues he had advanced." Doc. 66 at 5 n.3. However, "Edelman did not expeditiously move to set aside the dismissal pursuant to Tax Rule 123(c), and the Tax Court's dismissal stands." *United States v. Jon Edelman*, No. CIV 06-1216 at 21-22.

States was already in possession of evidence that his mother, Mildred Ash, had gifted the Edelman Trust. *Id*. Edelman also appears to assert that the United States' claims against him are subject to dismissal because it has no evidence that he attempted to hinder and delay collection of his tax liabilities by funding the Delos Trust because he had no indebtedness at the time since the relevant tax assessments were not made until the following year. *Id*. at 10-11.

None of these arguments establish that the United States does not have a plausible claim against him as an individual that may claim an interest in the subject property against which the IRS seeks to foreclose it tax liens. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1969 (2007)); *see also* Fed.R.Civ.P. 8 (a)(2). Rather, these arguments either constitute a surreply to the United States' cross-motion, or demonstrate the existence of factual disputes,[2] and the Court must accept the United States' allegations as true for purposes of this motion. *Id*. Further, as the United States notes, the allegations that Edelman attempted to hinder and delay collection of his income tax liabilities were contained in its third-party complaint and are not new allegations or collateral arguments. Doc. 66 at 2.

Edelman's renewed request for dismissal based on his first motion, without new argument, also fails for the reasons set forth in the Court's prior Memorandum Opinion and Order. *See* Doc. 69. For this reason, and because Edelman fails to establish that the United States does not have

---

[2] The Court also does not find the United States' questioning of the *res* in the Edelman Trust to be sanctionable. As the United States notes, the fact "that Mrs. Ash may have gifted the Edelman Trust is not evidence that [Jon] Edelman did not provide the property to his mother so that she could initially fund the Edelman Trust" or serve as a defense to its nominee theory of liability. Doc. 66 at 4. Furthermore, it does not appear from the materials presented that Jon Edelman complied with the procedural requirements for filing a motion for sanctions under Rule 11. *See* Fed.R.Civ.P. 11(c)(2) (a motion for sanctions under Rule 11 may not be "filed with or presented to the court unless, within 21 days after service of the motion … the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected.) In this case, the record does not establish that Edelman complied with this safe harbor provision.

an actionable claim against him, the Court will deny Edelman's Motion.

WHEREFORE,

**IT IS ORDERED THAT:**

The *Opposed Second Motion to Dismiss by the Third Party Defendant Edelman* (Doc. 63) is **DENIED**.

_____
UNITED STATES DISTRICT JUDGE