IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**WILLIAM B. ACHEFF,**

    Plaintiff,

v.                                                             Case No. 1:12-cv-00100 JCH/RHS

**PETER B. LAZARE,** as Trustee
of the EDELMAN TRUST a/k/a The
JON J. EDELMAN TRUST u/t/a
Dated March 19, 1996, as Amended;
**UNITED STATES OF AMERICA**
By and through the Internal
Revenue Service (IRS); and
**JOHN DOE AND JANE DOE** (true names
unknown), tenants,

    Defendant.

## ORDER GRANTING UNITED STATES' MOTION FOR PRELIMINARY INJUNCTION

THIS MATTER comes before the Court on the United States' Motion for Preliminary Injunction, Request for Expedited Hearing, and Supporting Brief (Doc. 94). The trial Court referred the Motion and its disposition to the undersigned (Doc. 95). The United States seeks a preliminary injunction pursuant to Fed. R. Civ. P. 65 and 26 U.S.C. § 7402. The Court has considered the Motion (Doc. 94), Third Party Defendant Edelman's Response (Doc. 98), the Edelman Trust's Response (Doc. 99), the United States' Reply to the Edelman Trust (Doc. 101), the United States' Reply to Third Party Defendant Edelman (Doc. 102), Edelman Trust's Surreply on the Government's Motion for Preliminary Injunction (Doc. 106), and the United States' Surreponse to Edelman Trust's Surreply on Government's Motion for Preliminary Injunction (Doc. 107). The Court held a hearing on Thursday, October 10, 2010, which was personally attended by Waymon DuBose and Curtis Smith for the United States; Ronald Van Amberg and Peter Lazare for the Edelman Trust; and Jon Edelman, pro se. Plaintiff William B.

Acheff had previously been excused from participation as a party (Doc. 111), but did appear as a witness.

In the Motion for Preliminary Injunction (Doc. 94), the United States seeks an order (1) requiring Peter B. Lazare, as Trustee of Edelman Trust, to deposit the Edelman Trust's income from the Estate of Mildred Ash into the Court's registry and (2) for Lazare to be enjoined from liquidating or distributing any part of the principal of the Edelman Trust pending further order of the Court. The Court concludes that the Motion for Preliminary Injunction is well-taken and will be GRANTED.

## Factual Background

The undersigned adopts the facts as found by the trial court on September 20, 2013 (Doc. 108 at 3-10). Additionally, the Court finds:

1. Jon Edelman's tax liability to the United States is currently in excess of $330 million.
2. The Edelman Trust is the only known source for the United States to recoup what it is owed by Jon Edelman.
3. Trustee Lazare has sole discretion to distribute the assets of the Edelman Trust, and he could distribute those assets before the trial Court makes a determination on the merits regarding whether the Edelman Trust assets can be used to satisfy Jon Edelman's tax liability.
4. All of the beneficiaries of the Edelman Trust are adults and there is not any credible evidence that the beneficiaries cannot support themselves with other means until the trial Court issues a decision on the merits. Trial on the merits is presently set for November 18, 2013.

## Applicable Law

The Motion is brought pursuant to the Internal Revenue Code, 26 U.S.C. § 7402, which states "The district courts of the United States . . . shall have such jurisdiction to make and issue in civil actions, writs and orders of injunction . . . as may be necessary or appropriate for the enforcement of the internal revenue laws." The United States also moves for a preliminary injunction under Fed. R. Civ. P. 65, which requires in pertinent part, "Every order granting an injunction and every restraining order must: (A) state the reasons why it issued; (B) state its terms specifically; and (C) describe in reasonable detail--and not by referring to the complaint or other document--the act or acts restrained or required." Fed. R. Civ. P. (d)(1). The United States is not required to give security. Fed. R. Civ. P. 65(c).

> The four factors for a preliminary injunction are well-settled.
>
> To obtain a preliminary injunction, the moving party must demonstrate four factors: (1) a likelihood of success on the merits; (2) a likelihood that the movant will suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in the movant's favor; and (4) that the injunction is in the public interest.

RoDa Drilling Co. v. Siegal, 552 F.3d 1203, 1208 (10th Cir. 2009).

## Analysis

The Court has considered the evidence admitted at trial, including the Stipulation of Facts (Doc. 113), the testimony of the witnesses, the arguments and authorities propounded by the respective parties, as well as all of the pleadings on file the above-captioned caused and hereby finds the Court finds that the facts and law satisfy the four-part test for granting a preliminary injunction. The Court further finds that the testimony of Jon J. Edelman is not credible.

**1. The movant will likely succeed on the merits.**

The undersigned takes judicial notice of the Memorandum Opinion and Order entered by the trial court on September 20, 2013, which denied summary judgment to Trustee Lazare on the claims brought by the United States against various Defendants. These are the same claims on which the United States must have a likelihood of success on the merits in order to obtain a preliminary injunction, chiefly that the Edelman Trust is a nominee, alter ego or sham, and its assets should be treated as property of Jon Edelman for tax purposes.  In addition to the evidence presented to the trial court for the summary judgment motion briefing, the evidence presented at the hearing for the preliminary injunction indicated that the United States has overwhelming evidence that the Edelman Trust's assets may be subject to Jon Edelman's tax liability.  Thus, the movant has satisfied the requirement to show likelihood of success on the merits.

**2.  The movant will likely suffer irreparable harm in the absence of preliminary relief.**

The United States presented evidence and testimony that Jon Edelman's tax debt is over $330 million and that the Internal Revenue Service has been unable to collect.  The Edelman Trust does have assets to partially satisfy this tax debt.  However, Trustee Lazare could deplete the trust by distributing its assets to Jon Edelman prior to the trial Court reaching a decision on the merits.  Once the Edelman Trust is depleted, the United States will not be able to collect on the tax debt, which is irreparable harm.

**3. The balance of equities tips in the movant's favor.**

One on side of the scale is the United States' interest in preserving funds in the event that that the trial Court decides that those funds are subject to tax liability.  On the other side of the scale are the Edelman Trust's beneficiaries' interest in continuing to receive distributions.  The

hearing testimony indicated that some of the beneficiaries are full-time college students. However, there was not any testimony that the student beneficiaries are solely dependent on the trust funds; in fact, testimony indicated that they rely on loans and scholarships and the student beneficiaries receive fewer funds than their father, Jon Edelman.  The testimony also indicated that the beneficiaries are adults with the ability to find other means of support pending the trial Court's decision on the merits.

### 4.  The injunction is in the public interest.

The injunction is in the public interest because it preserves assets which may be depleted for personal use rather than retained in the Court registry and accessible for distribution to the United States, should the trial Court determine that Edelman Trust assets are subject to Jon Edelman's tax liability.

THEREFORE IT IS ORDERED that:

1. Peter B. Lazare, as Trustee of Edelman Trust, shall immediately deposit all of the Edelman Trust's income under his control from the Estate of Mildred Ash into the Court's registry.  Any further income received by the Edelman Trust after this date shall be deposited into the Court's registry within ten (10) calendar days of the Edelman Trust receiving the income.
2. Peter B. Lazare, as Trustee of Edelman Trust, is immediately enjoined from liquidating, distributing or encumbering any of the principal of the Edelman Trust without the express and written order of the trial Court.

3. Pursuant to Fed. R. Civ. P. 65(c), the United States, its officers and its agencies are not required to give security for the issuance of this Preliminary Injunction.

4. Parties are responsible for producing exhibits if required for an appeal record, in accordance with D.N.M.LR Civ. 79.2.

*Robert Hayes Scott*
ROBERT HAYES SCOTT
UNITED STATES MAGISTRATE JUDGE