IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW MEXICO

WILLIAM B. ACHEFF,

    Plaintiff and Counter-Defendant,

vs.                                CIVIL ACTION NO.: 1:12-cv-00100 -JCH-RHS

PETER B. LAZARE, as Trustee
of the EDELMAN TRUST a/k/a the
JON J. EDELMAN TRUST U/T/A
dated March 19, 1996, as Amended;
and UNITED STATES OF AMERICA,
BY AND THROUGH THE INTERNAL
REVENUE SERVICE (IRS);

    Defendants,

UNITED STATES OF AMERICA,

    Defendant, Counter-Plaintiff, Cross-Plaintiff,
    and Third-Party Plaintiff,

vs.

PETER B. LAZARE, as Trustee
of the EDELMAN TRUST a/k/a the
JON J. EDELMAN TRUST U/T/A
dated March 19, 1996, as Amended;

    Cross-Defendant.

JOHN EDELMAN a/k/a JON J. EDELMAN or
JOHN J. EDELMAN,

    Third-Party Defendant.

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court on Defendant Peter Lazare's[1] *Disclaimer of Interest*

---

[1] While Lazare titles his motion "Edelman Trust's Disclaimer. . .", the Court again notes that Lazare (in his capacity as Trustee) is the named Defendant and Cross-Defendant identified in the Complaint. *See* Doc. 108 at 1.

*and Motion to Dismiss Government's Crossclaim* (Doc. 125).  In the underlying action, Co-Defendant United States of America ("the Government") brings a cross-claim for, *inter alia,* foreclosure against Lazare as Trustee of the Jon J. Edelman Trust *U/T/A* dated March 19, 1996 as Amended ("the Edelman Trust"), which holds title to the property in Taos, New Mexico, that is the subject of this case.  The Government further names Jon. J. Edelman – a debtor against whom the Government has multiple tax liens and judgments, and one of the four named beneficiaries of the Edelman Trust – as a Third-Party Defendant to its cross-claim.  Jon Edelman has previously disclaimed any interest in the Taos property.

In the instant motion, Lazare asserts that the Edelman Trust "disclaims any right[,] title and interest to the property which is the subject of this *in rem* action," and requests that the Government's cross-claim be therefore dismissed as moot.  *Id*. at 2.  Lazare stresses that the Trust's disclaimer of interest should not be taken as its stipulation to the Government's claims that the Edelman Trust is the nominee or alter ego of Jon Edelman and/or that the Trust is a sham or was self-settled.  Rather, Lazare offers that the proposed disclaimer is motivated by a desire to prevent unnecessary costs "given the cost of pursuing this litigation and the likelihood that there will be no funds produced after [Plaintiff] Acheff forecloses his mortgage."[2]  *Id*.  For the reasons set forth below, the Court finds that Lazare's motion should be denied.

---

[2]This Court has previously found that any interest the Government may possess in the Taos property is secondary to Plaintiff William B. Acheff's mortgage on the property.  *See* Doc. 77 at 12-13.  Accordingly, the Court held that, should the Government prove at trial that it possesses a lien right in the Taos property, it would be entitled only to any excess funds from its public sale, after Plaintiff is made whole.  *Id.; see also* Doc. 97 at 3-4 (amending Doc. 77 to clarify that Government's property interest and right of redemption, if any, must be determined before foreclosure sale).

## THE PARTIES' POSITIONS

Lazare contends that the Trust's offer to disclaim an interest in the Taos property renders the Government's cross-claim moot by providing it with the maximum recovery it seeks. *See* Doc. 125 at 2 (citing *Lucero v. Bureau of Collection Recovery, Inc.*, 639 F. 3d 1239, 1243 (10th Cir. 2011) (noting that "other circuits have concluded that if a defendant makes an offer of judgment in complete satisfaction of a plaintiff's claims . . . plaintiff's claims are rendered moot because he lacks a remaining interest in the outcome of the case"). Lazare reads the Government's cross-claim as limited to the pursuit of only *in rem* relief, as "[t]here is no claim for any personal judgment against the Trust or the Mildred Ash Estate. Instead, it is requested that the Court determine that the Taos property is legally owned by Jon Edelman so that liens against Jon Edelman can attach." *Id.* at 3. While Lazare acknowledges that the cross-claim asserts veil-piercing theories that, if proven, could potentially allow the Government to attach its tax liens against Edelman to *all* property of the Edelman Trust, he contends that the wording of the cross-claim only requires the Court to analyze these theories in the alternative to finding that the Government's liens "are valid and attach to the subject property." (Doc. 9 at 26 ¶ 5). Because the Trust will not seek to prevent the Government's recovery of proceeds from the Taos property's sale, Lazare argues, the Court need not – in fact should not – determine the extent of the Government's lien rights to it or any other property to which the Trust holds title.

The Government responds that its nominee, transferee, alter ego, and "invalid creation" claims constitute non-redundant bases for liability, some of which implicate all the assets of the Edelman Trust, not merely the Taos property. (Doc. 133 at 2) (citing *Oxford Capital Corp. v. United States,* 211 F.3d 280, 284) (5th Cir. 2000) (nominee doctrine permits government to levy upon *specific property* to which third party has legal title, while alter ego doctrine allows the

government to levy upon *all* the assets of alter ego corporation).  The Government notes that it brings its cross-claim under 26 U.S.C. §§ 7402 and 7403, neither of which limit it to pursuit of an *in rem* remedy; that Lazare has acknowledged the Government's multiple causes of action throughout this litigation; and that the Magistrate Judge implicitly rejected the instant argument when Lazare raised it in his response to its motion for a preliminary injunction.

## ANALYSIS

The Court finds that the Government seeks relief over and above the foreclosure and sale of the subject property.  Specifically, the Government's Prayer for Relief asks the Court to

> 1. Determine that the Edelman Trust holds the subject property as the nominee or alter ego of Jon Edelman;
>
> 2. Determine that Jon Edelman is the true owner of the subject property;
>
> 3. <u>Determine that the federal tax liens against Jon Edelman are valid and attach to all property and rights to property of Jon Edelman, including the subject property titled in the name of the Edelman Trust;</u>
>
> 4. Determine that the judgments liens in favor of the United States and against Jon Edelman attach to the subject property titled in the name of the Edelman Trust;
>
> 5.  Determine that the federal tax liens against Peter B. Lazare, Dennis Stein, and Dennis L. Stein, as Trustees of the Edelman Trust, as the nominees/alter egos/transferees of Jon Edelman . . . are valid and attach to the subject property.
>
> 6. Determine alternatively that the Edelman Trust is a sham, lacks economic substance, or is a self-settled trust, and should be disregarded for tax purposes;
>
> 7. Determine alternatively that the transfer of the subject property to the Edelman Trust was fraudulent and of no effect as to the claims of the United States and should be set aside;
>
> 8. Foreclose the judgments liens, the federal tax liens, and nominee liens that encumber the subject property, and order the sale of the property by the Internal Revenue Service and a distribution of the proceeds of such sale according to the

      findings of the Court in respect to the interests of the parties and of the United States. . . .

(Doc. 9, Cross-Claim at 26) (emphasis added).  Paragraph 3 of the Government's Prayer for Relief specifically requests that the Court determine that the federal tax liens against Jon Edelman attach to "*all* property and rights to property of Jon Edelman, *including* the subject property titled in the name of the Edelman Trust" (emphasis added). Paragraph 3 does not limit the Government's request to a particular theory of liability.  The Court reads Paragraph 3 to plainly assert the Government's intention to reach as property belonging to Jon Edelman all property to which the Edelman Trust holds title.  That the Government means to pursue a broader recovery than the *in rem* relief described by Lazare is evident from its request for a finding that its tax liens attach to property "including" the Taos property.  *Id.*  Accordingly, the Court finds that the offer contained in the instant motion fails to provide the Government with complete satisfaction of its Cross-Claim.

## CONCLUSION

      Therefore, for the reasons set forth above, the Court finds that Lazare's *Disclaimer of Interest and Motion to Dismiss Government's Crossclaim* (Doc. 125) should be DENIED.

_____
UNITED STATES DISTRICT COURT JUDGE