IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW MEXICO

WILLIAM B. ACHEFF,

    Plaintiff and Counter-Defendant,

vs.                                    CIVIL ACTION NO.: 1:12-cv-00100 -JCH-RHS

PETER B. LAZARE, as Trustee
of the EDELMAN TRUST a/k/a the
JON J. EDELMAN TRUST U/T/A
dated March 19, 1996, as Amended;
and UNITED STATES OF AMERICA,
BY AND THROUGH THE INTERNAL
REVENUE SERVICE (IRS);

    Defendants,

UNITED STATES OF AMERICA,

    Defendant, Counter-Plaintiff, Cross-Plaintiff,
    and Third-Party Plaintiff,

vs.

PETER B. LAZARE, as Trustee
of the EDELMAN TRUST a/k/a the
JON J. EDELMAN TRUST U/T/A
dated March 19, 1996, as Amended;

    Cross-Defendant.

JOHN EDELMAN a/k/a JON J. EDELMAN or
JOHN J. EDELMAN,

    Third-Party Defendant.

### ORDER ADOPTING RECOMMENDED PRELIMINARY INJUNCTION

    This matter comes before the Court on the Magistrate Judge's *Report and Recommendation* (Doc. 114, modified by Doc. 123), Defendant Peter Lazare's *Response to Magistrate Judge's Recommendation on Government's Motion for Preliminary Injunction* (Doc.

129), and Third-Party Defendant Jon J. Edelman's *Objections to Magistrate Judge's Report and Recommendation* (Doc. 130). Following the trial Court's referral of the Government's motion for a preliminary injunction to the assigned Magistrate Judge for a hearing, the Magistrate Judge issued an order (1) requiring Defendant Peter B. Lazare, as Trustee of Edelman Trust, to immediately deposit all of the Trust's income into the Court's registry pending resolution of the instant dispute and (2) enjoining Lazare "from liquidating, distributing or encumbering any of the principal of the Edelman Trust without the express and written order"of the undersigned. (Doc. 114 at 5). The Court subsequently issued an order recognizing the Magistrate's order as his Report and Recommendation, made pursuant to 28 U.S.C. § 636(b)(1)(B). (Doc. 123). For the reasons below, the Court overrules the instant objections to the Magistrate Judge's findings and adopts his Report and Recommendation.

I.   **The Parties' Objections**

The parties raise the following objections to the Magistrate's recommendation: (1) the motion for preliminary injunction was filed less than three months before the scheduled trial date, in order to ensure that the Trust has "trouble paying for its defense," (Doc. 129 at 4); (2) entry of an injunction freezing the Trust's assets would exceed the scope of the *in rem* relief sought in the Government's cross-claim; (3) the Government's citing of the fact that the Trust was not funded at the time it was purportedly created is unlikely to prove persuasive evidence of the Trust's invalidity, as the "Government cites to no authority where the signing of the Trust document and funding has to be simultaneous," (*id.* at 9); there is "no evidence" that Edelman controls the Edelman Trust (*id.* at 11); (4) Edelman, who is "disabled and unable to be employed," and his three college-aged children and co- beneficiaries will all be harmed by the

2

injunction.[1]  (Doc. 130 at 17).

## II.     Legal Standards

### A.     Standard for Granting a Motion for Preliminary Injunction

The standard for granting a motion for preliminary injunction is well-established. The movant (here, the Government) must establish (1) a substantial likelihood of success on the merits; (2) irreparable harm to the movant if the injunction is denied; (3) that the threatened injury to the movant in not receiving the provisional relief outweighs the harm the preliminary injunction may cause the opposing party; and (4) that the injunction, if issued, will not adversely affect the public interest. *Greater Yellowstone Coal v. Flowers,* 321 F. 3d 1250, 1255 (10th Cir. 2003).

### B.     Referral of Motion for Preliminary Injunction to a Magistrate Judge

District courts may refer motions for injunctive relief to a magistrate judge for a recommended disposition. 28 U.S.C. § 636(b)(1)(B).  Any party may serve and file written objections to a Magistrate Judge's report and recommendation within fourteen days of its entry. 28 U.S.C. § 636(b)(1)(c).  The trial court shall then conduct a de novo review of those portions of the Report and Recommendation to which an objection has been lodged.  28 U.S.C. § 636(b)(1).

The Tenth Circuit has held "that a party's objections to the magistrate judge's report and

---

[1]This is not an exhaustive recitation of the parties' objections, as the Court observes that some of Jon Edelman's objections are perfunctory or unsupported.  *See, e.g.,* Doc. 130 at 2-3 (Edelman arguing that "[s]cores of unauthenticated evidence was admitted by Magistrate Judge Scott over the objection of [Edelman]," based on his theory that because he lacked firsthand knowledge as to whether certain exhibits were authentic, their admission into evidence was improper).

recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Further, "[i]ssues raised for the first time in objections to the magistrate judge's recommendation are deemed waived." *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996); *see also United States v. Garfinkle*, 261 F.3d 1031 (10th Cir. 2001) ("In this circuit, theories raised for the first time in objections to the magistrate judge's report are deemed waived.").

### III.     Lazare's and Edelman's Objections Are Overruled

In accordance with 28 U.S.C. § 636(b)(1), the court has conducted a de novo review of those portions of the Report and Recommendation to which an objection has been lodged. The Court overrules these objections for the reasons given below:

#### A.     Objections Relating to Government's Likelihood of Success On the Merits

Lazare and Edelman ("the objecting parties") launch two types of attacks on the Magistrate Judge's recommended disposition that the Government has a substantial likelihood of succeeding on the merits of its cross-claim at trial. First, the objecting parties take issue with the Magistrate Judge's finding that "the United States has overwhelming evidence that the Edelman Trust's assets may be subject to Jon Edelman's tax liability," under several theories of veil-piercing liability. (Doc. 114 at 4). The Magistrate Judge did not specifically identify the evidence presented at the hearing on which his finding is based, and the instant objections generally recycle the same conclusory assertions offered in the objecting parties' summary judgment briefing. *See, e.g.*, Doc. 129 at 11 (Lazare stating that Mildred Ash established the Edelman Trust "to assist in the support of her son and grandchildren" and that "Jon Edelman has

no right to control the Trust, and there was no evidence presented at the hearing that he does"); Doc. 130 at 11 (Edelman stating that "[t]he settlor was Mildred Ash, not Jon Edelman, The Trust was originally, and is currently, funded only by Mildred Ash or her estate.  Peter Lazare is an independent Trustee with a fiduciary obligation to the four beneficiaries, not just Jon Edelman.").

The Court has reviewed the hearing transcript, at which the Government elicited testimony and/or presented other evidence that Jon Edelman, not the acting Trustee of the Edelman Trust, contacted Plaintiff William Acheff about purchasing the subject property and negotiated the terms of the sale (Doc. 135, Tr. at 36-8); the property was originally to be purchased by the Jon Edelman-settled-and-controlled Delos Trust, before being substituted as purchaser by the Edelman Trust (*id.* at 53); the purchase agreement for the subject property was sent to Jon Edelman for approval (*id.* at 65); correspondence related to the closing of the property sale described money being transferred from Europe (where the Delos Trust was located) in order to effect the closing (*id.* at 89);  Dennis Stein served simultaneously as Trustee for the Edelman Trust and counsel for Jon Edelman and the Delos Trust (*id.* at 90); Jon Edelman received about $145,000 from the Edelman Trust to cover his personal expenses in 2012 (*id.* at 133);  Jon Edelman used Lazare's personal credit card for his personal expenses, and Lazare subsequently sought reimbursement from the Stein Law Firm, where then-Trustee Dennis Stein practiced (*id.* at 134); and the Edelman Trust has paid large expenses related to Jon Edelman's yacht, the *Elusive* (*id.* at 135).

The Court finds that the above evidence – in addition to the evidence cited by the undersigned in a September 20, 2013 Memorandum Opinion and Order denying Lazare's motion

for summary judgment[2] – supports the conclusion that the Government has a likelihood of ultimately prevailing on the merits on its theories that Edelman Trust is a nominee, alter ego, or sham. *See* Doc. 108 at 12-21 (the undersigned discussing the separate legal standards applicable to each of the Government's theories and how evidence in the summary judgment record was more than sufficient to create a material dispute over whether the Trustees acted upon the direction of Jon Edelman in their operation of the Edelman Trust); *see id.* at 18 (noting "Lazare's own assertion that money passed from the Jon Edelman-settled Delos Trust into the Edelman Trust on multiple occasions, including when 'Jon Edelman used at least $900,000 of his own money wired from the Delos Trust to purchase the subject property[,] yet allowed the property to be placed in the name of the Edelman Trust.'").

Next, the objecting parties argue that the scope of the injunction recommended by the Magistrate Judge exceeds the scope of the relief sought in the Government's cross-claim, which they contend is limited to the pursuit of only *in rem* relief in the form of attachment of the Government's tax liens to an Edelman Trust-owned property in Taos, New Mexico. The Court rejects the objecting parties' argument for the reasons set forth at length in its November 20, 2013 Memorandum Opinion and Order denying Lazare's *Disclaimer of Interest and Motion to Dismiss Government's Crossclaim* (Doc. 154). *See* Doc. 154 at 5 ("The Court reads Paragraph 3 [of the Government's cross-claim] to plainly assert the Government's intention to reach as property belonging to Jon Edelman all property to which the Edelman Trust holds title.").

---

[2]The Magistrate Judge also took judicial notice of "the evidence presented to the trial court for the summary judgment motion briefing" in finding that the Government will likely succeed on the merits. (Doc. 114 at 4).

### B.    Objections Relating to Harm and the Balance of Equities

The objecting parties' remaining arguments relate to the Magistrate Judge's finding that the Government will be irreparably harmed if the injunction is not entered and that the balance of equities tips in favor of entering the injunction. The Court has reviewed and concurs with the Magistrate's finding that, because Jon Edelman has a tax debt of over $330 million and the Edelman Trust has the assets to partially satisfy that debt, the Government would be irreparably harmed if Lazare "deplete[d] the Trust by distributing its assets to Jon Edelman prior to the trial Court reaching a decision on the merits." (Doc. 114 at 4).  While Lazare objects to the Government's not moving for a preliminary injunction earlier in this litigation, he does not address the essential fact that the Edelman Trust constitutes the Government's best – and possibly only, given Edelman's present unemployment – hope of recovering Jon Edelman's enormous tax debt.

Finally, the Court turns to the Magistrate Judge's recommendation that the balance of equities tips in the Government's favor.  Edelman objects to the Magistrate's finding on the grounds that he is disabled[3] and cannot work and that the co-beneficiaries, his three adult children, are all in college or graduate school.  According to Edelman, "[t]hrowing these young citizens out of school into a job market that would offer them minimum wage jobs as well as dealing with their evictions is cruel and is just a crime." (Doc. 130 at 17).  However, the Court takes notice of the fact that none of the co-beneficiaries – whose credentials give weight to the Magistrate Judge's finding that they should be able to find other means of support pending the outcome of trial – appeared at the hearing, and that, as the Magistrate Judge noted, Edelman's

---

[3]Edelman does not identify his condition or the severity or duration of his disability in his objections.

own testimony indicated that they at least partly rely on loans and scholarships to pay for their education. (Doc 135, Tr. at 159). Moreover, the testimony further indicated that Edelman himself receives the far greater portion of funds distributed by the Edelman Trust.

Accordingly, the Court finds that Lazare's and Edelman's objections should be overruled and that the Magistrate Judge's proposed findings and recommended disposition should be adopted.

**IV.    Conclusion**

IT IS THEREFORE ORDERED that:

1. Peter B. Lazare, as Trustee of Edelman Trust, shall immediately deposit all of the Edelman Trust's income under his control from the Estate of Mildred Ash into the Court's registry. Any further income received by the Edelman Trust after this date shall be deposited into the Court's registry within ten (10) calendar days of the Edelman Trust receiving the income.

2. Peter B. Lazare, as Trustee of Edelman Trust, is immediately enjoined from liquidating, distributing or encumbering any of the principal of the Edelman Trust without the express and written order of the trial Court.

3. Pursuant to Fed. R. Civ. P. 65(c) the United States, its officers and its agencies are not required to give security for the issuance of this Preliminary Injunction.

4. Parties are responsible for producing exhibits if required for an appeal record, in accordance with D.N.M.L.R Civ. 79.2.

_____
UNITED STATES DISTRICT COURT JUDGE