IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW MEXICO

WILLIAM B. ACHEFF,

    Plaintiff and Counter-Defendant,

vs.                                   CIVIL ACTION NO.: 1:12-cv-00100 -JCH-RHS

PETER B. LAZARE, as Trustee
of the EDELMAN TRUST a/k/a the
JON J. EDELMAN TRUST U/T/A
dated March 19, 1996, as Amended;
and UNITED STATES OF AMERICA,
BY AND THROUGH THE INTERNAL
REVENUE SERVICE (IRS);

    Defendants,

UNITED STATES OF AMERICA,

    Defendant, Counter-Plaintiff, Cross-Plaintiff,
    and Third-Party Plaintiff,

vs.

PETER B. LAZARE, as Trustee
of the EDELMAN TRUST a/k/a the
JON J. EDELMAN TRUST U/T/A
dated March 19, 1996, as Amended;

    Cross-Defendant.

JOHN EDELMAN a/k/a JON J. EDELMAN or
JOHN J. EDELMAN,

    Third-Party Defendant.

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on the *Motion of the United States for Show Cause, for Expedited Ruling, and Supporting Brief* (Doc. 170). In the instant motion, Third-Party Plaintiff the United States of America ("the Government") argues that Defendant Peter B. Lazare should

1

be sanctioned for failure to comply with this Court's order of preliminary injunction, which required him, as Trustee of the Edelman Trust, to immediately deposit all of the Trust's income into the Court's registry pending resolution of the instant dispute at trial, and further enjoined him from liquidating, distributing or encumbering any of the principal of the Trust without the express and written order of the undersigned. (Doc. 157). The Government further invites the Court to consider the possibility of sanctioning Third-Party Defendant Jon J. Edelman for his alleged role in conspiring with Lazare to evade the injunction by decanting the Edelman Trust into a new Megatrust outside the jurisdiction of this Court. *See* Fed. R. Civ. P. 65(d)(2) (an order of preliminary injunction binds not only the enjoined party, but also "other persons who are in active concert or participation" with that party). For the reasons set forth below, the Government's motion will be granted and Lazare will be ordered to redeposit $7,031.00 in the Court's registry.

## RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

Disposition of the instant motion hinges on whether this Court may order parties to fully comply with a preliminary injunction where, having received notice that injunction was recommended by a Magistrate Judge, the parties took action that the injunction would have precluded before the recommendation could be adopted. The facts underlying the dispute are as follows:

**Preliminary Injunction Hearing and Magistrate Judge's Decision**

On October 10, 2013, Magistrate Judge Robert Scott conducted a hearing on the Government's motion for preliminary injunction, which, *inter alia,* asked that the Court enjoin Lazare from distributing any additional assets of the Edelman Trust pending resolution of the

case at trial. The following day, October 11, Judge Scott entered what was then designated an Order Granting United States' Motion for Preliminary injunction, which (1) required Lazare to immediately deposit all of the Edelman Trust's income from the Estate of Mildred Ash into the Court's registry, and (2) enjoined him from liquidating, distributing, or encumbering any of the principal of the Trust without the express permission of the undersigned. (Doc. 114).

**Defendants' Alleged Compliance with Magistrate Judge's Order**

On a date not set forth by the parties, the Edelman Trust mailed the Court a check in the amount of $7,031.00, for deposit in the Court's registry. According to Lazare, this was all of the money in the Trust as of the date of the Magistrate Judge's decision.

**Court Converts Magistrate Judge's Order to a PFRD; Defendants Seek Return of Check**

On October 18, 2013, the undersigned issued an order recognizing that Judge Scott's opinion should be treated as his Proposed Findings and Recommended Disposition (PFRD), to which Defendants had the right to object. That same day, an unidentified affiliate of Defendant Lazare contacted the financial office of the District Court Clerk, asking that the Trust's check be returned because the Magistrate Judge's "order was only a recommendation." (Doc. 176 at 2). Neither Lazare nor his counsel notified Judge Scott or the undersigned that he was taking this measure. On October 21, 2013, the Clerk's office returned the check to Lazare's counsel, Ronald Van Amberg, by Federal Express.

**Lazare Creates New "Aurora Borealis Trust" Outside the Jurisdiction of this Court, to Which it Transfers Edelman Trust's Beneficial Interest in the Ash Estate**

On October 25, 2013, Lazare, as grantor, created a new megatrust called the Aurora Borealis Trust, to be administered under the laws of Nevada. (Doc. 187 Ex. 3). Like the Edelman Trust, the designated beneficiaries of the Aurora Borealis Trust are Jon Edelman and his adult children. *Id.* The independent trustee of the Aurora Borealis Trust is Ian Williams, the

3

erstwhile Captain of Edelman's yacht, *the Elusive. Id.* The Trust Agreement further provides that a purpose of the trust is "attempt[] to protect the trust property from the claims of creditors," including government agencies. *Id.*

On October 30, 2013, Lazare signed a document titled "Change of Situs for Edelman Trust," which changed the situs of the Trust to Nevada. The document further acknowledged that "a portion of the assets held by the Trust are interests . . . in real property located in Nevada." *Id.* Ex. 4. The same day, Lazare signed a "Decanting Agreement Relating to Edelman Trust," which transferred the Edelman Trust's beneficial interest in the Mildred Ash Estate to the Aurora Borealis Trust.

**Court Adopts the Magistrate Judge's Report and Recommendation**

On November 27, 2013, the undersigned entered an Order adopting the Magistrate Judge's Proposed Findings and Recommended Disposition, and overruling Lazare's and Edelman's objections thereto. (Doc. 157).

**Trial Court Rules In Favor of the Government, Orders Permanent Injunction**

Visiting District Judge Scott W. Skavdahl (of the District of Wyoming, sitting by designation) held a bench trial in the instant case from December 2 – December 4, 2013. Judge Skavdahl subsequently entered a Judgment that the Government is entitled to a constructive trust against the Edelman Trust for $1,601,000.00, and that the Edelman Trust was permanently enjoined from liquidating, distributing, or encumbering any of its assets up to the amount of the constructive trust. (Docs. 162, 164). Lazare and Edelman have appealed the trial court's decision to the Tenth Circuit.

On February 18, 2014, Government counsel sent a letter to Ronald Van Amberg, counsel for Lazare, advising that Lazare had not yet deposited any income from the Edelman Trust into

the Court's registry, and indicating the Government's willingness to seek sanctions in the event of Lazare's continuing non-compliance.  On February 21, 2014 Van Amberg responded that the Edelman Trust was in "full compliance with the Order of [the undersigned] and the subsequent judgment in these proceedings."  (Doc. 176 Ex. B).  In a subsequent e-mail, Van Amberg explained that Lazare was in compliance with the preliminary injunction because

> There have been no deposits to the Edelman [T]rust since the return of the $7000 originally deposited into the registry.  It was immediately spent on outstanding debt.  As there is no money in the Edelman Trust, and it has received no money since October, it has nohing [sic] to deposit.

*Id.*

On March 5, 2013, the Government filed the instant motion arguing that Lazare should be found in civil contempt for failure to comply with this Court's order of preliminary injunction, and that Edelman should likewise be sanctioned for his efforts to aid and abet Lazare in his efforts to circumvent court orders.  A motion hearing – at which Lazare failed to appear -- was held by the undersigned on April 17, 2014.

## DISCUSSION

The filing of a notice of appeal "divests the district court of its control over those aspects of the case involved in the appeal."  *Griggs v. Provident Consumer Disc., Co.,* 459 U.S. 56, 58 (1982).  However, "whether the addressee of an injunction has complied is not a subject 'involved in the appeal.'"  *Union Oil Co. v. Leavell,* 220 F.3d 562, 566 (7th Cir. 2000) (quotation omitted); *see also Peacock v. Thomas,* 516 U.S. 349, 356 (1996) (court retains "ancillary jurisdiction in subsequent proceedings" for the limited purpose of exercising its own "inherent power to enforce its judgments").  Therefore, in light of the pending appeal in this case, the only narrow issue over which this Court retains jurisdiction is whether Defendant Lazare -- and

Defendant Edelman, as his alleged collaborator in evading the Court's order of injunction -- should be held in civil contempt until such time as compliance with the order of preliminary injunction is achieved.

It is clear to the Court that Lazare and Edelman have been indefatigable in their efforts to preempt its rulings and nullify its recommendations. Indeed, Defendants do not dispute that they actively undertook to stop receiving payments into the Edelman Trust and establish a new trust in its place before the Magistrate Judge's recommendation of preliminary injunction could be adopted. *See* Tr. at 50:7-50:11 (Lazare's counsel, Mr. Van Amberg, opining that "during the time that Mr. Lazare created the new trust, and to the extent there was any -- really any right to the interest in the Acheff estate that was transferred, I think he had the right to do that."). Though Lazare did timely deposit $7,031.00 into the Court's registry following the Magistrate Judge's October 11 order, upon learning that the decision had been re-designated as a recommendation, he proceeded to treat it as wholly lacking in significance, by initiating the immediate return of the funds without first seeking the Court's permission. While Defendants maintain that they were at liberty to undertake these actions because a binding order of preliminary injunction had yet to issue, it is noteworthy to observe that, during the period in and around October 2013 that their plans were being executed, Defendants misled the Magistrate Judge and opposing counsel as to their activities.[1] Then, having decanted the Edelman Trust and used the returned monies to pay expenses relating to the Aurora Borealis Trust, *see* Doc. 187 Ex. 9, Lazare failed to acknowledge the existence of the Court's November 27 preliminary injunction order until confronted by the Government with the prospect of being haled into Court on the

---

[1] *See* Doc. 187 at 4-5 (describing how Defendants failed to disclose the decanting of the Edelman Trust and creation of the Aurora Borealis Trust at the injunction hearing and trial); *see also* Government's Hearing Ex. 11 (Lazare responding "I do not know the reason the Trust has not received distributions" in response to Government's Interrogatory No. 2, which sought "all reasons the Ash estate or its executor has made no distributions to the Edelman Trust" since November 2014)

instant motion -- a mandatory proceeding for which he failed to appear. The overall impression created by these actions is of parties who have repeatedly thumbed their noses at the processes of this Court, on the belief that their conduct was permissible because it occurred before the Court entered injunction on November 27, 2013.

Significant legal precedent dictates otherwise. In fact, it is well-settled that "where a defendant with notice in an injunction proceeding completes the acts sought to be enjoined [before the court rules on the motion for injunction], the court may by mandatory injunction restore the status quo." *Porter v. Lee,* 328 U.S. 246, 251 (1946); *see also Griffin v. County School Board*, 363 F.2d 206, 210 (4th Cir. 1966) (school board in civil contempt for authorizing distribution of tuition grants, even though grants were distributed before court could act to issue injunction against appropriation, where school board knew that injunction had been sought and acted "to thwart the impact of any adverse decree which might ultimately be forthcoming"); *Merrimack River Savings Bank v. City of Clay Center,* 219 U.S. 527, 535-36 (1911) ("irrespective of any such injunction actually issued the willful removal beyond the reach of the court of the subject-matter of the litigation . . . is, in and of itself, a contempt of the appellate jurisdiction of this court").

Moreover, it is clear that this Court has the authority to enforce its order of preliminary injunction regardless of the fact that there was "only" the Magistrate Judge's recommendation in place at the time the Defendants took the very actions that the injunction was intended to preclude. *See Savoie v. Merchants Bank, et al*., 84 F.3d 52, 54 (2nd Cir. 1996) ("It is not the case, as the [defendant] apparently believes, that recommendations from a magistrate judge have no significance and can be ignored. . . . [I]t has long been clear that there are circumstances in which parties ignore recommendations of the magistrate judge at their own peril") (affirming district

court's order restoring status quo by requiring defendant to escrow $500,000 it distributed *before* the court could rule on motion for preliminary injunction, but *after* magistrate issued recommendation that injunction be adopted and the money be held in escrow).  Consequently, the Court has jurisdiction to enforce its own preliminary injunction, by restoring the status quo that existed in this case before Lazare distributed the $7,031.00 remaining in the Edelman Trust in defiance of the Magistrate Judge's recommendation.

In ordering Lazare to comply with the injunction by redepositing $7,031.00 in the Court's registry, the Court recognizes that it "has restored the status quo from the [Government's] perspective, not necessarily from" Lazare's.  *See Savoie*, 84 F.3d at 59.  Nevertheless, while Lazare contends that the returned money has already been spent on outstanding debts related to the creation of the Aurora Borealis Trust, the Court agrees with the Second Circuit in *Savoie* that any difficulty attendant to replacing the funds is "properly laid at the doorstep" of Lazare, who acted precipitously and without regard for the Court's processes.  *Id.*  Thus, even if Defendants are compelled to deposit funds from other sources (be it the Aurora Borealis Trust or the Defendants' personal funds), "the circumstances of this case make that appropriate."  *Id.*

By the same token, the Court recognizes that the Government would doubtless prefer to be restored to the status quo that existed before the Edelman Trust stopped receiving monthly distributions from the Ash estate in anticipation of a possible injunction.  The Government has not, however, proffered any evidence showing that how much money was in the Edelman Trust at the time it moved for preliminary injunction.  Thus, in the absence of any such information, the Court must enforce its order of injunction by restoring the status quo that existed at the time Lazare elected to ignore the Magistrate Judge's recommendation.  Accordingly, the Court finds that Lazare should redeposit $7,031.00 in the Court's registry, pending the outcome of

Defendants' appeal.

## CONCLUSION

For the reasons set forth above, it is therefore ordered that the *Motion of the United States for Show Cause, for Expedited Ruling, and Supporting Brief* (Doc. 170) is GRANTED. Defendant Lazare is ordered to deposit the $7,031.00 in the Court's registry within ten (10) calendar days of this Order, pending disposition of the appeal in the instant case by the Tenth Circuit Court of Appeals.

_____
UNITED STATES DISTRICT JUDGE