#### IN THE UNITED STATES DISTRICT COURT FOR THE
#### DISTRICT OF NEW MEXICO

WILLIAM B. ACHEFF,

    Plaintiff and Counter-Defendant,

vs.                              CIVIL ACTION NO.: 1:12-cv-00100 -JCH-RHS

PETER B. LAZARE, as Trustee
of the EDELMAN TRUST a/k/a the
JON J. EDELMAN TRUST U/T/A
dated March 19, 1996, as Amended;
and UNITED STATES OF AMERICA,
BY AND THROUGH THE INTERNAL
REVENUE SERVICE (IRS);

    Defendants,

UNITED STATES OF AMERICA,

    Defendant, Counter-Plaintiff, Cross-Plaintiff,
    and Third-Party Plaintiff,

vs.

PETER B. LAZARE, as Trustee
of the EDELMAN TRUST a/k/a the
JON J. EDELMAN TRUST U/T/A
dated March 19, 1996, as Amended;

    Cross-Defendant.

JOHN EDELMAN a/k/a JON J. EDELMAN or
JOHN J. EDELMAN,

    Third-Party Defendant.

#### MEMORANDUM OPINION AND ORDER

This matter is before the Court on (1) the Motion for Judgment and Decree of Foreclosure filed by Plaintiff William B. Acheff (ECF No. 199); (2) the Motion of United States for Order of Foreclosure Sale and to Vacate Real Property (ECF No. 204); and (3) the Motion of

United States to Disburse (ECF No. 211).  The Court, having considered the motions, evidence, law, and otherwise being fully advised, will grant the United States' motion for order of foreclosure sale and to vacate real property and motion to disburse, and will grant in part and deny in part Plaintiff's motion for judgment and decree of foreclosure.  The Court will grant Plaintiff's request for judgment in the requested amount, but will deny his request for a decree of foreclosure under New Mexico law.

## I.    FACTUAL BACKGROUND

Under the terms of a promissory note dated June 30, 1998, Plaintiff Acheff loaned the Edelman Trust $1,000,000.00, which was secured by a mortgage on real property located in Taos County, New Mexico ("subject property" or "Taos property"). Mem. Op. and Order 1, ECF No. 77.  That Taos property consists of three parcels of nearly 30 acres with an 8,500 square-foot residence, a 2,200 square-foot guesthouse, an indoor swimming pool, and a five-car garage. Stipulation ¶¶ 75-76, ECF No. 152.  Plaintiff recorded the mortgage in Taos County on August 3, 1998. Mem. Op. and Order 1, ECF No. 77. Subsequently, the Edelman Trust defaulted under the terms of the note, and Plaintiff filed a complaint for money due on the promissory note and to foreclose the mortgage with the Eighth Judicial Court, Taos County. *Id.* at 1-2.  Because of federal tax and judgment liens filed against Jon Edelman and the Edelman Trust as nominee/alter-ego of Jon Edelman, Plaintiff also named the United States as a defendant. *Id.* at 2.

The United States, through the Internal Revenue Service ("IRS"), removed the action and filed its Answer, Counterclaim, Cross-Claim, and Third-Party Complaint seeking, among other things, to foreclose the federal tax and judgment liens against the subject property.  *Id.* The Third-Party Complaint names Jon Edelman as a third-party defendant alleging that Edelman may claim an interest in the subject property against which the IRS seeks to foreclose its tax liens. *Id.*

On March 29, 2013, this Court entered a Memorandum Opinion and Order granting summary judgment to Plaintiff on his complaint for money due on the promissory note against the Edelman trust. *See* Mem. Op. and Order 11-14, ECF No. 77. Because it was undisputed that the Edelman Trust defaulted on its promissory note to Plaintiff, that Plaintiff has priority over the liens of the United States against the subject property, and that the United States may exercise its right to redeem the subject property should it determine that the public sale yielded inadequate sale prices, this Court granted "Plaintiff's Motion as to judgment on the promissory note, foreclosure of the Mortgage, and public sale of the subject property under New Mexico law." *Id.* at 13. As for the United States' request that the Court order the property to be sold by an IRS Property and Appraisal Specialist, the Court noted that the United States had not yet established its rights to foreclose on the property, "much less dictate the manner of sale." *Id.* at 12. Moreover, the Court explained:

> The United States may exercise its right to redeem the subject property should it determine that the public sale yielded inadequate sale prices. As Plaintiff notes, the United States fails to explain why its right to redeem would not adequately protect its interests. For this reason, and because the priority of Plaintiff's lien is undisputed, *the Court will grant Plaintiff's Motion as to foreclosure of the Mortgage and public sale of the subject property under New Mexico law*. . . . Lastly, the Court will grant the United States' uncontested request that any excess funds from the sale of the subject property be deposited with the Court until it can make a determination of the United States' interest in those funds.

*Id.* at 13 (emphasis added).[1]

On October 10, 2013, Magistrate Judge Robert Scott conducted a hearing on the United States' motion for preliminary injunction, in which the United States requested the Court to enjoin Mr. Lazare from distributing any additional assets of the Edelman Trust pending resolution of the case at trial. Mem. Op. and Order 2-3, ECF No. 202. The following day, Judge

---

[1] The Court acknowledges this prior language, but now with the benefit of a more developed record, including the Court's finding the United States is entitled to a constructive trust, the Court is revisiting its prior decision. All parties have had an opportunity to be heard on this issue.

3

Scott entered an Order granting the United States' motion for preliminary injunction and requiring Mr. Lazare to immediately deposit all of the Edelman Trust's income from the Estate of Mildred Ash into the Court's registry and enjoining him from liquidating, distributing, or encumbering any of the principal of the Trust without the express permission of the undersigned. *Id.* The Edelman Trust at some point mailed the Court a check in the amount of $7,031.00, for deposit in the Court's registry. *Id.* at 3. Upon this Court issuing an order treating Judge Scott's opinion as Proposed Findings and Recommended Disposition ("PFRD"), an affiliate of Mr. Lazare asked the financial officer of the District Court Clerk to return the check because the order was only a recommendation. *Id.* This Court, on November 27, 2013, entered an Order adopting the PFRD. Order, ECF No. 157.

Visiting District Judge Scott W. Skavdahl of the District of Wyoming held a bench trial in this case from December 2–4, 2013, and subsequently entered a Judgment that the United States is entitled to a constructive trust against the Edelman Trust for $1,601,000.00; that the Edelman Trust was permanently enjoined from liquidating, distributing, or encumbering any of its assets up to the amount of the constructive trust; and that the United States "is entitled to seize and collect against the Taos property subject to any superior encumbrances, including William Acheff's." Mem. Op. and Order 36-37, ECF No. 162. *See also* Judgment 2-3, ECF No. 163. Mr. Lazare appealed from the final judgment. Notice of Appeal, ECF No. 165.

On March 5, 2014, the United States filed a motion to find Defendant Lazare in civil contempt for violating the Court's injunction Order by failing to deposit the income received by the Edelman Trust from the Estate of Mildred Ash into the Court's registry. United States' Mot. 1-4, ECF No. 170. Following a hearing held on April 17, 2014, this Court on May 2, 2014, granted the motion and ordered Defendant Lazare to deposit $7,031.00 in the Court's registry

within 10 days of the Order, pending disposition of the appeal. Mem. Op. and Order 9, ECF No. 202. On May 12, 2014, the Court received $7,031.00 in its registry.

On April 30, 2014, Plaintiff Acheff filed a Motion for Judgment and Decree of Foreclosure (ECF No. 199). Plaintiff seeks entry of Judgment against Defendant Lazare, as Trustee of the Edelman Trust, in the total sum of $1,345,873.03. Pl.'s Mot. 10, ECF No. 199. Plaintiff, among other things, asks that the Taos property be foreclosed and sold at a special master's sale in accordance with the state laws of New Mexico. *Id.* Plaintiff also asks for a decree that the proceeds, after costs, from the sale be used to satisfy Defendant Lazare's debts, as Trustee of the Edelman Trust, to Plaintiff, and any remaining balance to the United States to be applied to the constructive trust against the Edelman Trust up to $1,601,000. *See id.* at 11.

The United States filed a response opposing the sale of the Taos property under New Mexico state law. United States' Resp., ECF No. 203. Simultaneously, the United States also filed a motion for an order of foreclosure sale of the Taos property by the IRS Property and Appraisal Liquidation Specialist ("PALS") unit, recognizing Plaintiff's right to bid as a credit against any judgment against the Edelman Trust up to the amount due under any such judgment. United States' Mot. 6, ECF No. 204. As grounds for its opposition and motion, the United States argues that "a sale by the United States using the [PALS unit] will likely yield a higher sales price, resulting in excess proceeds being generated to partially satisfy the United States' tax liens and judgment liens against Jon Edelman and the Edelman Trust." Resp. 2, ECF No. 203. *See also* United States' Mot. 2, ECF No. 204. The United States asserts that it would likely receive a greater sales price because the PALS unit is experienced in marketing and selling property across the country; the PALS unit has developed a following of bidders for sales across the country through its website marketing and mail-in bid procedure for bidders who cannot attend

the sale in person; and the United States would not have to pay the United States Marshal's fees. Among other things, the United States also requests, to facilitate the open house the PALS unit conducts as part of its sale process, an order that Plaintiff and all occupants of the Taos property vacate within 30 days of the Court's order and take with them their personal property. *See* United States' Mot. 4-5, ECF No. 204.[2] Alternatively, should this Court grant Plaintiff Acheff's motion for foreclosure, the United States requests that "the excess funds be distributed to the United States to be applied against its tax and judgment liens" and that the Court recognize the United States' right of redemption of the Taos property of not less than 120 days after the date the sale is confirmed by this Court. *Id.* at 6.

Plaintiff Acheff objects to the use of the PALS unit because the United States is the junior lien holder, and thus, Plaintiff, with the superior encumbrance, should have his rights enforced under New Mexico state law. Pl.'s Reply 1, ECF No. 205. Under New Mexico law, Plaintiff contends the sale would take approximately six weeks, which he prefers to the indefinite procedure proposed by the United States that does not have a "knock down date." *Id.* at 3-5; Plaintiff also asserts that the United States has not shown how the sale by the PALS unit will yield a higher sales price. *Id.* at 3.

In reply, the United States contends that a national listing will provide notice to more potentially interested bidders, and based on common sense, will likely generate a higher sales price. United States' Reply 2-3, ECF No. 207. It also asserts that the advantage of using a PALS sale is that the property would be more attractive to bidders because it would not be purchased subject to the United States' right of redemption. *Id.* Although the United States acknowledges it cannot guarantee a sale in six weeks, it contends that the PALS sale should take

---

[2] This request appears to be moot. Plaintiff Acheff states that he is not residing at and has no personal property located in or around the Taos property. *See* Pl.'s Resp. 2 n.1, ECF No. 206.

about the same length of time under New Mexico law because the procedures under federal law are similar, and the IRS would publish notice of sale in a local newspaper for four weeks and advertise the sale on its website nationwide. *Id.* at 3-4. According to the United States,

> Because Acheff will be able to bid his judgment as a credit and because of the marketing efforts of the PALS, it is unlikely that no minimum bid would be received. However, in the unlikely event that no minimum bid is received, the Court order authorizing the foreclosure sale would authorize the IRS PALS to reduce the minimum bid and re-advertise the property for sale.

*Id.* at 4. The United States further argues that, under New Mexico law, the Court must approve the Special Master's report, and thus, the final sale may take more than six weeks as well. *Id.*

The Tenth Circuit entered its Order and Judgment affirming the Court's Judgment on December 1, 2014. Order and Judgment, ECF No. 216-1. On December 16, 2014, the United States filed a motion to disburse the $7,301, plus accrued interest, in the registry of the Court. *See* United States' Mot. to Disburse 1-2, ECF No. 211. In response, Defendant Lazare stated the Edelman Trust did not oppose an order allowing the disbursement, but requested that $1,000.00 be reserved to cover the costs of filing a tax return for the trust. Def.'s Resp. 2, ECF No. 212. The United States opposes withholding $1,000.00, arguing that Defendant Lazare, as trustee, should have reserved money to pay for preparation of the return, he has offered no evidence to justify the costs, and he has repeatedly thwarted this Court's rulings. United States' Reply 2-3, ECF No. 213.

## II.   ANALYSIS

### A.   Judgment for Plaintiff against Defendant

In this Court's previous Memorandum Opinion and Order filed on March 29, 2013, the Court granted Plaintiff Acheff judgment on the promissory note. Mem. Op. and Order 11-14, ECF No. 77. The parties do not dispute, and Plaintiff has shown, that he is entitled to Judgment

against Defendant Peter Lazare, as Trustee of the Edelman Trust a/k/a The John J. Edelman Trust u/t/a/ dated March 19, 1996, as Amended, in the total sum of $1,345,873.03, including costs and accrued interest to February 11, 2014, plus default interest at the monthly rate of $7,000.00, or the daily rate of $233.33, from February 11, 2014, to the date of Judgment. The total amount of $1,345,873.03 consists of the following:

>  Principal amount owed to Plaintiff on the Note in the amount of $1,000,000.00;

>  Accrued interest, to February 11, 2014 in the amount of $248,999.20;

>  Repairs costs incurred, to February 11, 2014 in the amount of $24,448.97.

>  Utility payments made, to February 11, 2014, in the amount of $5,491.01.

>  Property taxes paid, to February 11, 2014, in the amount of $7,895.74.

>  Attorneys' fees incurred by Plaintiff from Taos Attorney, LLC, and recoverable pursuant to the terms of the Note, in the amount of $22,897.50;

>  Attorneys' fees incurred by Plaintiff from SCHEUER, YOST & PATTERSON, P.C., and recoverable pursuant to the terms of the Note, in the amount of $28,808.83;

>  Attorneys' fees incurred by Plaintiff from RODEY, DICKASON, SLOAN, AKIN & ROBB, P.A., and recoverable pursuant to the terms of the Note, in the Amount of $6,828.90; and

>  Costs incurred by Plaintiff, and recoverable pursuant to the terms of the Note, in the amount of $502.88.

Plaintiff's Mortgage against the Taos Property is prior and paramount to the interest of all parties to this action and the Mortgage and all such subordinate interests will be foreclosed. The Court will enter a separate Judgment, consistent with this Memorandum Opinion and Order, for Plaintiff and against Defendant Lazare. Although this Court had previously ruled that the foreclosure would follow New Mexico law, at the time the Court made that decision, the United States had not yet established its rights to foreclose on the subject property. As discussed *infra*,

now that the United States has established its rights, the Court finds that the balance of interests weighs in favor of using the IRS PALS foreclosure process under federal law in order to protect the rights of all lien holders and will therefore vacate its prior opinion to the extent it ordered foreclosure in accordance with New Mexico law, rather than federal law.

### B. Foreclosure Procedure

A federal district court has jurisdiction "to render such judgments and decrees as may be necessary or appropriate for the enforcement of the internal revenue laws." 26 U.S.C. § 7402(a). Where the court has established that the United States has a claim or interest in a subject property, the court "may decree a sale of such property . . . and a distribution of the proceeds of such sale according to the findings of the court in respect to the interests of the parties and of the United States." *Id.* § 7403(c). The Court may also appoint a receiver to enforce the lien. *Id.* § 7403(d). A court has broad discretion to set the terms and conditions of a sale of real property. *See* 28 U.S.C. § 2001(a); *United States v. Branch Coal Corp.*, 390 F.2d 7, 10 (3d Cir. 1968).

Under New Mexico law, judgment liens are treated like mortgage foreclosures. N.M. Stat. Ann. § 39-4-13. New Mexico's procedure for conducting a foreclosure sale, like the federal procedure, requires notice of the date, time, and place of sale to be published for at least four weeks. *Compare* N.M. Stat. Ann. § 39-5-1, *with* 28 U.S.C. § 2002. Under either New Mexico or federal law, the sale must take place in the county in which the property is located. 28 U.S.C. § 2001(a) (real property "shall be sold as a whole or in separate parcels at a public sale at the courthouse of the county … in which the greater part of the property is located …."). Under either New Mexico or federal law, the property may be redeemed by the junior lienholder. *Compare* N.M. Stat. Ann. § 39-5-18 (stating that junior lienholder may redeem real estate by paying the purchaser within nine months from the date of sale, the amount paid at the sale, plus

other costs), *with* 28 U.S.C. § 2410(c) ("Where a sale of real estate is made to satisfy a lien prior to that of the United States, the United States shall have one year from the date of sale within which to redeem, except that with respect to a lien arising under the internal revenue laws the period shall be 120 days or the period allowable for redemption under State law, whichever is longer….").

Procedural rights protecting lienholders are largely the same under New Mexico and federal law. The United States has shown, however, why the PALS process is likely to result in a higher sales price and reduce expenses, resulting in a higher likelihood of the process generating excess proceeds from the sale. The question for the Court is whether the potentially shorter time frame for the foreclosure sale under New Mexico law outweighs the benefits of utilizing the IRS PALS process. The Court finds that the balance of interests weighs in favor of using the IRS PALS unit. First of all, it is possible that the IRS PALS process could also be completed in approximately six weeks, and thus, that Plaintiff's procedural rights under state law would not be violated. Nevertheless, even if the IRS PALS procedure took longer to complete the sale, the downside of a larger time period is outweighed by the greater likelihood of getting a higher sales price by using nationwide notice and marketing, along with local notice, and the lesser expenses of using the IRS PALS unit, which does not charge fees for selling property, unlike a special master. The IRS PALS procedure is thus best to secure the rights of all lienholders. The Court, in its discretion, will deny Plaintiff Acheff's motion for foreclosure under New Mexico law and will grant the United States' motion for order of foreclosure sale using the IRS PALS unit. The Court will file a separate order for foreclosure.

### C. Disbursement

Given that the appeal is no longer pending and the Tenth Circuit has affirmed the Court's

ruling, the United States' Motion to Disburse should be granted. Defendant Lazare has not proffered sufficient reasons to support his request to withhold $1,000 to cover the costs of the preparation of a tax return for the Edelman Trust. Moreover, equity would not be served by withholding that amount for the trust's costs. As this Court has previously stated, "Lazare and Edelman have been indefatigable in their efforts to preempt its rulings and nullify its recommendations." Mem. Op. and Order 6, ECF No. 202. The Court will therefore deny Defendant Lazare's request and order the Clerk of the Court to disburse $7,031, plus accrued interest, from the registry of this Court within 10 days after entry of this Memorandum Opinion and Order.

**IT IS THEREFORE ORDERED** that:

1. Plaintiff Acheff's Motion for Judgment and Decree of Foreclosure (**ECF No. 199**) is **GRANTED in part and DENIED in part** as follows:

   a. Plaintiff Acheff's request for Judgment against Defendant Peter Lazare, as Trustee of the Edelman Trust a/k/a The John J. Edelman Trust u/t/a/ dated March 19, 1996, as Amended, in the total sum of $1,345,873.03, including costs and accrued interest to February 11, 2014, plus default interest at the monthly rate of $7,000.00, or the daily rate of $233.33, from February 11, 2014, to the date of Judgment, is **GRANTED**. The total amount of $1,345,873.03 consists of the following:

   Principal amount owed to Plaintiff on the Note in the amount of $1,000,000.00;

   Accrued interest, to February 11, 2014 in the amount of $248,999.20;

   Repairs costs incurred, to February 11, 2014 in the amount of $24,448.97.

   Utility payments made, to February 11, 2014, in the amount of $5,491.01.

    Property taxes paid, to February 11, 2014, in the amount of $7,895.74.

    Attorneys' fees incurred by Plaintiff from Taos Attorney, LLC, and recoverable pursuant to the terms of the Note, in the amount of $22,897.50;

    Attorneys' fees incurred by Plaintiff from SCHEUER, YOST & PATTERSON, P.C., and recoverable pursuant to the terms of the Note, in the amount of $28,808.83;

    Attorneys' fees incurred by Plaintiff from RODEY, DICKASON, SLOAN, AKIN & ROBB, P.A., and recoverable pursuant to the terms of the Note, in the Amount of $6,828.90; and

    Costs incurred by Plaintiff, and recoverable pursuant to the terms of the Note, in the amount of $502.88.

    b.  Plaintiff Acheff's request for a decree of foreclosure in accordance with New Mexico law, rather than the federal IRS PALS foreclosure process, is **DENIED**.

  2.  The Motion of United States for Order of Foreclosure Sale and to Vacate Real Property (**ECF No. 204**) is **GRANTED**.

  3.  The Motion of the United States to Disburse (**ECF No. 211**) is **GRANTED**.

  4.  **The Clerk of the Court must disburse $7,031, plus accrued interest**, in the registry of this Court in this case to the United States **within 10 days** after entry of this Memorandum Opinion and Order by making the check payable to the "United States Treasury" and mailing the check to the United States' counsel of record, as follows:

    U.S. Department of Justice
    Attn: Waymon G. DuBose, Jr.
    Trial Attorney, Tax Division
    717 N. Harwood Street, Suite 400
    Dallas, Texas 75201

  5.  The United States must submit **WITHIN THREE DAYS** a revised proposed Order for Foreclosure Sale in light of the findings and conclusions set forth in this Memorandum Opinion and Order.

      6.      Plaintiff Acheff must submit **WITHIN THREE DAYS** a proposed Judgment in light of the findings and conclusions set forth in the Court's Memorandum Opinions and Orders.

_____
**UNITED STATES DISTRICT JUDGE**